James **TOLBERT**, Appellant,

v.

Dr. Louis **GIBSON**, Appellee.

No. 10–00–159–CV.

Court of Appeals of Texas,
Waco.

Dec. 28, 2001.

Rehearing Overruled Jan. 16, 2002.

James Tolbert, Teague, Pro Se.

Ralph C. Longmire, Asst. Attorney General for the State of Texas, Austin, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

The court dismissed James Tolbert's medical malpractice suit against Dr. Louis Gibson pursuant to section 13.01(e) of the Medical Liability and Insurance Improvement Act of Texas (TEX.REV.CIV. STAT. ANN. art. 4590i) (hereinafter, "article 4590i") after Tolbert failed to timely file the expert report required by the statute. *See* TEX. REV.CIV. STAT. ANN. art. 4590i, § 13.01(e) (Vernon Supp.2002). Tolbert claims in a single point that the court abused its discretion by denying his request for court-appointed counsel.

## BACKGROUND

Tolbert alleges that he suffers from severe back problems including scoliosis of the spine and has several pedicular instruments installed in his back. According to Tolbert's petition, the initial assessment by the Institutional Division of the Texas Department of Criminal Justice ("TDCJ") assigned him to light duty based on his physical impairments. He remained on light duty until Gibson began work at the Boyd Unit in Teague. Gibson examined him and then removed him from light-duty work and placed him on farm detail, which requires hard labor. He worked on the farm detail until he was referred to a specialist by the prison physician's assistant as a result of the debilitating back pain he was suffering. Prison officials transported him to John Sealy hospital in Galveston where he was examined by a specialist. According to Tolbert, a radiologist who performed an MRI on his back remarked that he "shouldn't even be walking, much less working." The specialist removed him from the farm detail and placed him back on light-duty. Tolbert alleges that when he was returned to the Boyd Unit, Gibson disregarded and deleted the orders by the specialist and placed Tolbert back on the farm detail, which caused him severe pain and discomfort.

Tolbert filed suit against Gibson on July 13, 1999. One month later, he served a discovery request on Gibson, seeking pri-

marily copies of his prison medical records and Gibson's curriculum vitae. Gibson complied with this request about one month thereafter. Tolbert then served Gibson with interrogatories.

According to a motion to compel discovery filed by Tolbert on November 22, Gibson responded to all his interrogatories except two which inquired: (1) "What procedure is required to renew a medical license?" and (2) "Your curriculum vitae listed an expiration date of February 1999 for your medical license, please elaborate." Gibson objected that these interrogatories were not reasonably calculated to lead to the discovery of admissible evidence. Tolbert responded that Gibson's curriculum vitae suggests that he was no longer licensed to practice medicine.

On the same date, Tolbert filed a motion for leave to serve interrogatories and depositions on written questions on several non-party medical witnesses.

Tolbert filed a request for court-appointed counsel on January 7.[1] Tolbert alleged that he needed court-appointed counsel because:

- he cannot afford counsel;
- he has no legal training and his case had proceeded "to a point where depositions and more in-depth discovery [would] be needed beyond what Plaintiff [could] perform from his prison cell";
- Gibson's counsel had only partially complied with his request for copies of his medical records; and
- expert testimony was required to refute Gibson's defensive theory (as identified in his interrogatory respons-

es) that Tolbert suffers from degenerative disc disease.

On the same date, Tolbert filed a request for additional discovery. In this request, Tolbert describes how he was transferred in December 1999 to the hospital in Galveston for a gallium scan. He requested copies of the medical records from this hospitalization, including the results of the scan.

On January 10, Tolbert filed a motion to extend the deadline for the expert report required by section 13.01(d).[2] Tolbert cites "his lack of legal training and the time involved with navagating [sic] the above mentioned medical malpractice code, 4590i" as one reason for his request. He also notes that he had contacted a particular physician about preparing the report but had been unable to obtain it "due to the holiday season." He asked the court to extend the deadline until thirty days after the hearing on his request. He relied alternatively on subsections (f) and (g) of section 13.01 to support this request.

Gibson filed a motion two days later in response to Tolbert's November 22 motion to compel discovery. Gibson contends that the interrogatories at issue (noted above) seek irrelevant information because he had stated in response to another interrogatory that he was currently licensed and in good standing to practice medicine. He asked the court for a protective order from these particular requests and any future discovery requests.

Contemporaneously, Gibson filed a motion to dismiss under section 13.01(e). Four days later, Gibson filed a response to Tolbert's request for appointed counsel,

---

1. The initial 180 day deadline by which article 4590i, § 13.01(d) required that Tolbert file his expert report expired on January 10, 2000. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) (Vernon Supp.2002).

2. The term "section" as used herein refers to a section of the Medical Liability and Insurance Improvement Act of Texas (article 4590i) unless otherwise indicated.

his request for additional discovery, and his request for a 30 day extension. Gibson opposed Tolbert's request for appointed counsel because Tolbert could have secured the services of a private attorney on a contingency fee basis. He agreed to promptly provide the discovery requested. He disputed whether Tolbert had shown good cause for an extension of the 180 day deadline under section 13.01(f) but did not oppose the court granting Tolbert a 30–day "grace period" under section 13.01(g).

The court heard these matters via telephone conference on January 18. The court signed an order granting Tolbert a 30–day "grace period" under section 13.01(g). The court directed Tolbert to file his expert report within thirty days after the date of the order, making his report due on February 17. The court apparently denied Tolbert's request for court-appointed counsel and his request for an extension under section 13.01(f).[3] The court orally directed Gibson to provide Tolbert the requested medical records within ten days.[4]

Tolbert sent the court a letter the next day seeking clarification of the court's ruling. He asked whether his thirty days would begin from the date he received the medical records or from the date of the order. He also asked the court whether it had ruled on his request for appointment of counsel.

After the February 17 deadline passed, the court granted Gibson's January 14 dismissal motion by an order signed on March 20.

**3.** The court did so through a standard "Mother Hubbard" clause in the written order. The court's order also contains a sentence expressly denying Tolbert's request under section 13.01(f) which the court struck.

## APPOINTMENT OF COUNSEL

Tolbert contends in his sole point that the court abused its discretion by denying his request for appointed counsel. Gibson responds that Tolbert's case does not present such "exceptional circumstances" that appointment of counsel is required.

### PERTINENT AUTHORITIES

■ Generally, a civil litigant has no state or federal constitutional right to the appointment of counsel. *See Lassiter v. Department of Soc. Servs.*, 452 U.S. 18, 26–27, 101 S.Ct. 2153, 2159, 68 L.Ed.2d 640, 649 (1981); *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 593 (Tex.1996) (orig.proceeding); *cf. M.L.B. v. S.L.J.*, 519 U.S. 102, 123, 117 S.Ct. 555, 567, 136 L.Ed.2d 473, 492 (1996) ("When deprivation of parental status is at stake, however, counsel is sometimes part of the process that is due."); *In re B.L.D.*, 56 S.W.3d 203, 211 n. 7 (Tex.App.-Waco 2001, pet. filed) (same).

Section 24.016 of the Government Code gives a district judge the discretion to appoint an attorney on behalf of a civil litigant "who makes an affidavit that he is too poor to employ counsel to attend to the cause." TEX. GOV.CODE. ANN. § 24.016 (Vernon 1988); *see Travelers Indem. Co.*, 923 S.W.2d at 593; *Knie v. Piskun*, 23 S.W.3d 455, 461 (Tex.App.-Amarillo 2000, no pet.); *Pedraza v. Crossroads Sec. Sys.*, 960 S.W.2d 339, 341 (Tex.App.-Corpus Christi 1997, no pet.); *Coleman v. Lynaugh*, 934 S.W.2d 837, 839 (Tex.App.-Houston [1st Dist.] 1996, no writ). Texas courts have not addressed this provision at length.

**4.** Gibson filed an "Advisory to the Court" on January 24 noting that the court had given this directive and informing the court that he had received the records on January 20 and forwarded them to Tolbert the next day.

In the *Travelers Indemnity Co.* case, the Supreme Court expressly declined to define "the reach of this provision" other than to hold that it does not authorize a trial court to require an opposing party to pay a court-appointed attorney's fees.[5] *See Travelers Indem. Co.*, 923 S.W.2d at 593. The Court also addressed a trial court's inherent authority to appoint counsel in civil cases. The Court concluded "that in some exceptional cases, the public and private interests at stake are such that the administration of justice may be best served by appointing a lawyer to represent an indigent civil litigant." *Id.* at 594.

Subsequent decisions have used this as the test for determining whether a court has abused its discretion by failing to appoint counsel under section 24.016. *See, e.g.*, *Knie*, 23 S.W.3d at 461; *Pedraza*, 960 S.W.2d at 341; *Coleman*, 934 S.W.2d at 839. Thus, in each of these decisions, the court of appeals determined that the appellant had not established that his case was so "exceptional" that the court abused its discretion by denying his request for appointed counsel. *Id.*

Both parties accept the "exceptional case" standard of *Travelers Indemnity Co.* as the standard which we should apply in determining whether the trial court abused its discretion by denying Tolbert's request for appointed counsel. We assume without deciding that this is the correct standard and will apply it to the facts of Tolbert's case.

### APPLICATION

■ Tolbert contends that his case is "exceptional" because he is incarcerated, because he has been diligent in prosecuting his suit, because Gibson has been dilatory in responding to pertinent discovery requests, and because of the intricacies of article 4590i. Gibson responds that the facts of Tolbert's case are not exceptional. He notes that Tolbert has demonstrated his familiarity with the requirements of article 4590i, has been in contact with a private physician, and has capably conducted the discovery necessary to enable this physician to prepare the required expert report. He observes that he promptly complied with the court's directive to produce the medical records from Tolbert's December 1999 hospitalization and provided copies of those records to him at least three weeks before the extended due date for his expert report.

Given Tolbert's circumstances, we hold that his is an "exceptional case." The primary exceptional factor in Tolbert's case is that he is being incarcerated by the very institution which employed the object of his lawsuit, Gibson. It seems apparent that a prison inmate has limited opportunities to communicate with the outside and even fewer opportunities to engage in discussions or interviews of any length with a person outside the prison system. This undoubtedly made it more difficult for him to be able to secure the expert report he needed to comply with article 4590i.

Although it is true that Tolbert has indicated an awareness of the requirements of article 4590i and an intent to comply therewith throughout the course of the litigation, it became apparent as the 180 day deadline approached that he would be unable to so so.[6] At that point, he asked for the assistance of counsel.

---

**5.** The relator in this original proceeding did not challenge the propriety of the court's decision to appoint counsel to represent the real party in interest, only the court's decision to require the relator to pay the attorney's fees of its opponent's counsel. *See Travelers In-* *dem. Co. v. Mayfield*, 923 S.W.2d 590, 592 (Tex.1996) (orig.proceeding).

**6.** Notably, licensed attorneys frequently have difficulty complying with the requirements of article 4590i.

True, Gibson did promptly provide copies of Tolbert's December 1999 medical records to him. However, Tolbert still had to transmit these copies to an expert to aide in the preparation of the required report. Again, given the limits of Tolbert's confinement, it is understandable that he could not do so in a sufficiently timely fashion to comply with the extended deadline.

The foregoing factors distinguish the facts of Tolbert's case from those presented in *Knie, Pedraza,* and *Coleman. Cf. Knie,* 23 S.W.3d at 461; *Pedraza,* 960 S.W.2d at 341; *Coleman,* 934 S.W.2d at 839. Accordingly, we conclude that the court abused its discretion by denying Tolbert's request for the appointment of counsel. We now determine whether this abuse of discretion presents error requiring reversal.

### HARM ANALYSIS

■ Rule of Appellate Procedure 44.1(a) specifies that we may reverse a judgment only for an error which (1) probably caused rendition of an improper judgment or (2) probably prevented the appellant from presenting his case on appeal. *See* TEX.R.APP. P. 44.1(a); *Monsanto Co. v. Davis,* 25 S.W.3d 773, 786 (Tex.App.-Waco 2000, writ dism'd w.o.j.).

We held in *Monsanto* that a trial court's improper refusal to permit the defendants in a class-certification case to present evidence "plainly prevented Defendants from presenting their case to us." *Monsanto Co.,* 25 S.W.3d at 786. We likewise hold that the court's error in denying Tolbert's request for appointed counsel "plainly prevented [Tolbert] from presenting [his] case to us." *Id.* Thus, his sole point apparently presents error requiring reversal.

Nevertheless, even if Tolbert was "harmed" by the court's refusal to appoint counsel, we should not reverse the judgment if he cannot otherwise comply with the requirements of article 4590i. *See Wilson v. Texas Parks & Wildlife Dep't.,* 8 S.W.3d 634, 635 (Tex.1999) (declining to remand cause for retrial of issue on which no evidence was offered because such "would be improper and, it appears, futile"); *Sabine Offshore Serv., Inc. v. City of Port Arthur,* 595 S.W.2d 840, 841 (Tex. 1979) (declining to remand case to court of appeals because such "would be futile and not in furtherance of judicial economy").

The court granted Tolbert an additional "grace period" under section 13.01(g). According to section 13.01(g), "the court shall grant a grace period of 30 days" if the plaintiff's failure to timely file the report "was not intentional or the result of conscious indifference but was the result of an accident or mistake." TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) (Vernon Supp. 2002). This subsection does not limit itself to one such extension. *Cf.* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(f) ("Only one extension may be granted under this subsection."). We also note that Tolbert has not yet received the "one extension" potentially available under section 13.01(f).

For these reasons, we conclude that Tolbert can still satisfy the requirements of article 4590i. *Cf. Roberts v. Medical City Dallas Hosp., Inc.,* 988 S.W.2d 398, 404 (Tex.App.-Texarkana 1999, pet. denied) (reversing and remanding for further proceedings after court dismissed for failure to file expert report). Accordingly, we sustain his sole point of error.

We reverse the judgment and remand this cause for further proceedings consistent with this opinion.

TOM GRAY, Justice, dissenting.

I disagree with the majority's decision to reverse this judgment because the trial court did not appoint Tolbert an attorney.

The focus of the opinion is on why Tolbert did not timely file the expert report. The focus should be on why he was unable to obtain a lawyer.

First, the trial court never denied the request for appointment of an attorney. This request, along with several other motions, was set for a hearing by telephone. The trial court only ruled by written order on Tolbert's motion for extension of time to file an expert report. The order commenced with, "Be it remembered that on this day came to be heard **Plaintiff's Motion for Extension of Time to File an Expert Report** ..." and concluded with the phrase, "The Court denies all relief not expressly granted in this order." The phrase, "this order," only applies to the motion for extension of time, not anything else possibly raised at the telephone hearing. The request for counsel was not fully addressed at the hearing. This is confirmed by Tolbert's subsequent letter wondering whether the court had sufficient information to rule due to the Attorney General's deflection of the issue.

Second, and of far greater concern, this is an ordinary civil case. The issue as framed shows nothing unique about his claim, *i.e.* where "public and private interests are such that the administration of justice may be best served by appointing a lawyer to represent an indigent civil litigant." *Travelers Indem. Co. v. Mayfield,* 923 S.W.2d 590, 594 (Tex.1996) (orig.proceeding). It also shows no effort by Tolbert to obtain his own lawyer. This case is no different than any other poor client trying to sue a doctor for malpractice. Tolbert may, in fact, have more time to pursue his claim than the average "Joe" who may have a claim but is also trying to work to make ends meet. This case simply does not meet the requirements of the Government Code and case law for the appointment of an attorney to represent Tolbert at taxpayers' expense.

The majority holds the trial court erred and orders the trial court to appoint Tolbert counsel. Because the trial court never ruled on the motion and even if it denied the motion, it certainly did not abuse its discretion, I respectfully, but strongly, dissent.