In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-050 CV


____________________



HERBERT HINES, Appellant



V.



LOYD MASSEY, ET. AL., Appellees






On Appeal from the 258th District Court


 Polk County, Texas


Trial Cause No. 18427






OPINION



 Herbert Hines, a Texas Department of Criminal Justice, Institutional Division
("TDCJ-ID") inmate, filed suit against the State of Texas and fifty public officials, most
of whom are employed by the TDCJ-ID. Hines filed in forma pauperis, making his claims
subject to the procedural requirements of Section 14 of the Civil Practice and Remedies
Code. See Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (Vernon Supp. 2002). The trial
court dismissed Hines' claims against all defendants with prejudice, pursuant to Chapter
14. 

 Hines argues that A) Chapter 14 of the Civil Practice and Remedies Code is
unconstitutional, B) that the trial court erred in dismissing his suit, and C) the trial court
erred in assessing $160.00 in court costs against him.

 Hines' principal constitutional challenge to Chapter 14 asserts that the statute
functions as a bill of attainder, denying him equal protection. He also alleges that the
dismissal of his suit was motivated by racial animus. However, he offers no argument of
fact or law to support these assertions. Nothing in the record indicates that Hines was
treated disparately because of race, or for any other reason. The procedural requirements
of Chapter 14 apply equally to all suits brought by Texas inmates in forma pauperis. See
Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon Supp. 2002). The record does
not indicate Hines was treated differently than any other indigent Texas inmate. See
Sanders v. Palunsky, 36 S.W.3d 222, 225 (Tex. App.--Houston [14th Dist.] 2001, no pet.).
"Restrictions on the ability [of] indigent prisoners to proceed In Forma Pauperis do not
implicate any constitutionally-protected right per se." Hicks v. Brysch, 989 F.Supp. 797,
822 (W.D. Tex. 1997). See generally Carson v. Johnson, 112 F.3d 818, 821-22 (5th Cir.
1997). See also Thomas v. Bilby, 40 S.W.3d 166, 170-71 (Tex. App.--Texarkana 2001,
no pet.)(Chapter 14 does not deny inmates equal protection, and is not a "special law"
forbidden by the Texas Constitution); Hughes v. Massey, 65 S.W.3d 743, 745 (Tex. App.--Beaumont 2001, no pet.) (Chapter 14 does not violate Supremacy Clause of U.S.
Constitution, or Open Courts Provision of Texas Constitution); Thomas v. Bush, 23
S.W.3d 215, 218 (Tex. App.--Beaumont 2000, pet. denied) (Chapter 14 is not an ex post
facto law under U.S. Constitution); Thomas v. Wichita Gen. Hosp., 952 S.W.2d 936, 940
(Tex. App.--Fort Worth 1997, pet. denied) (Chapter 14 does not violate First Amendment
right to petition for redress of grievances.). Hines' constitutional arguments are without
merit. His first point of error is overruled. 

 We review dismissal of suits under Chapter 14 under an abuse of discretion
standard. See Jackson v. Texas Dep't of Criminal Justice -- Institutional Div., 28 S.W.3d
811, 813 (Tex. App.--Corpus Christi 2000, pet. denied). Section 14.005 requires inmates
filing in forma pauperis to declare that they have attempted to resolve their complaint via
the administrative grievance system. Tex. Civ. Prac.& Rem. Code § 14.005(a) (Vernon
Supp. 2002). The inmate must document the attempts by filing a copy of the written
decision from the grievance system. Id. The court shall dismiss the claim if the inmate
does not file an affidavit or unsworn declaration establishing that suit was filed before the
31st day after the inmate received the written decision from the grievance system. See
Tex. Civ. Prac. & Rem. Code §14.005(b) (Vernon Supp. 2002). Hines' original petition
alleges abusive behavior by correctional officers on July 28, 1999. Hines alleges that Sgt.
Burmham subjected him to "verbal sexual harassment advances" by demanding that he
strip, and used "unnecessary excessive physical force." Hines included Step 1 and Step
2 grievance forms as attachments to a motion introducing additional evidence, apparently
in an attempt to comply with section 14.005(a)(2). Even if the grievance forms refer to
the same incident described in the petition, an examination of the Step 2 grievance form
shows that it was denied on February 25, 2000. Hines did not file suit until April 17,
2000. Since Hines did not demonstrate that he filed suit within 31 days of receiving the
response to his grievance, the court was authorized to dismiss his suit for non-compliance
with section 14.005(b). A suit which is not timely filed pursuant to section 14.005(b) is
barred and may be dismissed with prejudice. Hines' second point is overruled. 

 Finally, Hines contends that he was illegally charged $160.00 in court costs. 
However, Hines does not substantiate his assertion of racial discrimination. He simply
repeats the claim, overruled above, that Chapter 14 is unconstitutional. Section 14.006(a)
of the Civil Practice and Remedies Code allows trial courts to order an inmate to pay court
fees, court costs and other costs associated with a claim. Tex. Civ. Prac. & Rem. Code
§ 14.006(a) (Vernon Supp. 2002). The Code dictates the terms for deducting such costs
from an inmate's trust account. Tex. Civ. Prac. & Rem. Code §§ 14.006 (Vernon Supp.
2002). The court order requiring Hines to pay $160.00 in district clerk's fees complies
fully with the requirements of the Code. This issue has no merit and is overruled. 

 Hines contends an attorney should be appointed to represent him. Section 24.016
of the Texas Government Code states that a district court "may" appoint counsel for an
indigent civil litigant. Tex. Gov't Code Ann. § 24.016 (Vernon 1988). The general rule
is that a court does not abuse its discretion in refusing to appoint such counsel unless the
case is "exceptional." See Tolbert v. Gibson, 67 S.W.3d 368, 372 (Tex App.--Waco
2001, pet. filed). This litigation is procedurally barred by Section 14.005. We decline to
require counsel be appointed to pursue an appeal of the dismissal order in this case. This
issue is overruled.

 The judgment of the trial court is AFFIRMED. 

 ______________________________________

 DAVID B. GAULTNEY Justice


Submitted on April 29, 2002

Opinion Delivered June 20, 2002

Publish


Before Walker, C.J., Burgess and Gaultney, JJ.