8-16-15
69,716-04

Dear Mr. Acosta:

I recently attempted to file a moiton for Appointment Of Counsel with the Court Of Criminal Appeals under Cause No# 1024294-C due to the 230th Judicial Distric Court of Harris County, Texas's letter to inform me that my Writ had been forwarded to your Court.

On August 07 2015 I recieved a letter from you dated August 05 2015 informing me that a thorough search had been performed and that there was no record of a Writ 1107 Cause No# 1024294-C being filed and in which case my motion for Appointment Of Counsel was being sent back to me.
Of Counsel was being sent back to me.

Then on August 10 2015 I recieved a card from you dated August 03 2015 saying that on this day the application for a 1107 Writ Of Habeas Corpus had been recieved and presented to the Court. WR-69,716-04.

Becuase of the conflicting correspondence I am once again sending a copy of my Moiton For Appointment Of Counsel in the hopes that it may be properly filed. Please; and Thank you for your assistance in such a situation.

Sincerely
Aundri Lewis #1305555
French Robertson Unit
12071 FM 3522
Abilene, Texas 79601

*Aundri Lewis*

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 19 2015

Abel Acosta, Clerk

Cause No. 1024294-C

Harris Disc. Clerk

| | | |
|---|---|---|
| The State Of Texas | § | In The 230th |
| Vs. | § | Judicial District |
| Aundri Lewis | § | Court Of harris County, Texas |

DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL FOR HABEAS CORPUS

UNDER TEXAS FAIR DEFENSE ACT, ARTICLE 1.051 V.A.C.C.P.

XXXXXX

To The Honorable Court and Judge Thereof:

Comes now, Aundri Lewis, Defendant in the above styled and numbered cause proceeding pro se and in pursuant to the Texas Fair Defense Act, codified at article 1.051, texas Code of Criminal Procedure, and section 24.016, Texas Government Code, and ask the Honorable District Court to appoint him counsel for the specific purpose of raising his substantial claims of Ineffective Assistance of Trial Counsel in an application for writ of Habeas Corpus relief pursuant to Article 11.07 Texas Code of Criminal Procedure in support of this motion, Defendant will show the following:

I.

The Applicant, Aundri Lewis, is confined pursuant tothe judgement and sentence of the 230th District Court of Harris County, Texas, in Cause No. 1024294, where a jury convicted the applicant of Aggravated Assault with a deadly weapon. The jury assessed punishment enhanced by two(2) prior convictions, at forty-five(45) years confinement in the Texas department of Criminal Justice-Institutional Division.

The first Court of Appeals affirmed the applicant's conviction in the primary case on December 21, 2006, LEWIS v. STATE, No. 01-05-00518-CR, 2006 WL 3751408 (Tex. App.-Houston [1st Dist] Dec. 21, 2006, no pet.)(mem.op. not disignated for publication).

(1)

The applicant's initial application for Writ of Habeas Corpus, Cause No.1024294-A, was denied on April 23rd, 2008. The applicant's second writ for Habeas Corpus, Cause No.1024294-B was dismissed on November 13, 2013.

## II.

The Honorable District Court is authorized by Article 1.051 (d)(3), Code of Criminal Procedure, to appoint an attorney to represent the Defendant in this matter if he is indigent and the Court concludes the interests of justice requires representation. Tex. Code Crim. Proc. Ann.,art.1.051 Ed.E3 Everon 2014. See Beard vs. State, 243S.W.3d 783,786 & n3 (Tex.App.Amarillo 2007). Section 24.016, Government Code, also authorizes the District Court to appoint Counsel to represent an indigent civil litigant in exceptional cases in which the public and private interests at stake are such that the administration of Justice may be best served by the appointment. Tex.Gov'T Code Ann.,sec.24.016 (Vernon 2014). See Traveler's Indem. Co. v. Mayfield, 923 S.W.2d 590,593, (Tex. 1996), Spigener v. Wallis, 80 S.W.3d 174, 183(Tex.App.-Waco 2002); see also Talbert v. Gibson, 67 S.W.3d 368,372 (Tex. App.-Waco 2001) (incarceration of indigent litigants "primary exceptioinal factor" warranting appointment of counsel due to fact that incarceration creates significant limitation upon litigant's ability to conduct adequate investigation and to obtain evidence supporting such claims); and see Ex parte Rieck, 144 S.W.3d 510, 515-16 (Tex.Crim. App. 2004) (Habeas Corpus proceedings, including those seeking relief from confinement in the criminal justice system, generally considered to be a civil nature).

Recent decisions by the U.S. Supreme Court indicates that the interests of justice warrants the appointment of counsel in this case by the District Court for the purpose of representing the Defendant in meaningfully seeking collateral review and the adjudication of the merits of his substantial claim of Ineffective Assistance of trial Counsel as well as Ineffective Assistance

(2)

of Appellate Counsel.

In Martinez v. Ryan, 566 U.S.1 (2012), the Supreme Court held that a "procedural bar" by default would not prevent a Federal Court from hearing a substantial claim of Ineffective Assistance of Counnsel if the State's initial-review collateral proceedings of a prisoner's ineffective assistance of trial counsel claim is in many ways the equivalent of his direct appeal as to that claim, if the State does not appoint an attorney to assist the indigent prisoner in the initial-review collateral proceeding, he is and has been denied fair process and the opportunity to comply with the state's procedures and obtain an adjudication on the merits of his claims, similar to instances in attorney appointed to purue the direct appeal is ineffective.

Subsequent to the Martinez decision, the Supreme Court decided a Texas case similar to that of Martinez with the same results. See Trevino v. Thaler, 569 U.S. 1911,(2013). In Trevino, the Supreme Court concluded that where, as in Texas, the state procedural framework, by reason of it's design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, the Court's holding in Martinez applies. See also, Ibarra v. Stephens 723 F3d 599 (5th Cir.2013).

III.

SUBSTANTIAL CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

EXTANT IN THIS CASE

A substantial claim of ineffective assistance of trial counsel exists in this case, due to the facts that trial counsel did not adequately investigate this case, giving erroneous advice refusing to use the defendant's only viable defense and neglecting to object to inadmissible hearsay statements that were placed in front of the jury for the improper use of substantive evidence to obtain a conviction.

If the defendant's trial attorney/counsel would have done a proper or

(3)

thorough investigation of the time(s) given in this cause, to compare with the time(s) of the defendant's school record and withthe hospital admission's record, it would have been obvious that all time(s) given were conflicting and if shown to the jury they would only show that the defendant could not and was not the assailant which would have meant there was no way possible to convict the defendant beyond a reasonable doubt.

Prejudicing the Defendant's defense by refusing the only viable defense available (alibi) while giving erroneous advice about the situation "because the complainant was never exact" on the time of the incident the defense was not the end of all defenses.

In which case to make such a decision places the burden of proof on the Defendant and takes it off the State and brings question to the skill and knowledge of the trial counsel.

Trial counsel also failed to object to the prosecutions use of inadmissible hearsay statements in spite of the clear reason for the prosecutor's actions being to place such statements in front of the jury as substantive evidence of truth to gain a conviction.

## IV.

### DEFENDANT IS INDIGENT

Defendant continues to be indigent and unable to retain the services of a Licensed attorney to represent him in pursuit of appellate review of his substantial claim of ineffective assistance if trial counsel (See attached Declaration of Inability to pay costs.)

## V.

### GUIDANCE OF OUR FOREFATHERS

Defendant respectfully expresses his ernest desire for the District Court to remain mindful that the paramount focus in this particular judicial matter "is not the (defendant's) innocense or guilt, but solely whether (his) con-

(4)

stitutional rights have been preserved." Accordance <u>Moore v. Dempsey</u>, 261 U.S. 86, 87-8 (1923); See also <u>Irvin v. Dowd</u> , 366 U.S. 717,722 (1961) (Habeas Corpus relief available to redress due process violations "regardless of the heinousness of the crime ⌊and⌋ the alledged guilt of the offender"), <u>Ex parte Millingan</u>, 71 U.S. (4 wall) 2, 118-19 (1866) ("⌊I⌋t is the birthright of every American citizen when charged with a crime, to be tried and punished according to the law. The power of punishment is alone through the means which the laws has provided for that purpose, and if they are ineffectual, there is an immunity from punishment, no matter how great an offender an individual may be, or how much his crime(s) may have shocked the sense of justice of the country, or endangered it's safety. By the protection of the law, human rights are secured; withdraw that protection, and they are at the mercy of wicked rulers, or clamors of an excited people.")

## VI.

## CONCLUSION

For the foregoing reasons, the Honorable District Court should appoint counsel for the specific purpose of investigations of Defendant's claim(s) of Ineffective assistance of Trial Counsel, developing the record as necessary, and preparing that claim in a form adequacy to insure meaningful appellate review of that claim on the merits.

## PRAYER

Wherefore, premises considered, Defendant respectfully prays the Honorable District Court grants this motion and order the relief requested. Defendant prays for general relief.

Respectfully submitted,

Aundri D. Lewis
TDCJ No. 1305555
French M.Robertson Unit
12071 FM 3522
Abilene, Tx. 79601
Devendant/Movant, Pro se

(5)