**James BYRD, Jr., Appellant,**

v.

**The ATTORNEY GENERAL OF the STATE OF TEXAS, CRIME VICTIMS COMPENSATION DIVISION, Appellee.**

No. 09–93–246 CV.

Court of Appeals of Texas, Beaumont.

June 9, 1994.

James Byrd, Jr., pro se.

Karen Johnson, Asst. Atty. Gen., Austin, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

PER CURIAM.

This appeal involves an action against the Texas Crime Victims Fund, wherein James Byrd, Jr., appellant, alleges that he was victimized and deserving of compensation under TEX.REV.CIV.STAT. art. 8309–1, called herein the "Crime Victims Compensation Act." On September 24, 1992, the Fund denied Byrd's compensation request. Appellant has been incarcerated in the Institutional Division of the Texas Department of Criminal Justice at all times material to this cause. Appellant filed an appeal in the Jasper County District

Court which was dismissed on August 20, 1993, for lack of jurisdiction. It is from that dismissal that Byrd brings his appeal.

On July 4, 1991, Byrd was stabbed by Johnnie Mae Renfro. Byrd filed a claim with the office of the Attorney General, Crime Victims Compensation Division, to be compensated for his injury. On September 23, 1992, the Attorney General's Office denied compensation to Mr. Byrd and thereafter on October 9, 1992, appellant timely filed his notice of dissatisfaction. Article 8309–1, § 9(c) provided:

Within 20 days after the rendition of a final ruling and decision by the attorney general, the claimant may file with the attorney general notice of dissatisfaction with the final ruling and decision. The dissatisfied party shall within 20 days after giving the notice bring suit in the district court having jurisdiction in the county where the injury or death occurred or the county where the victim resided at the time the death or injury occurred.... The court shall determine the issues in the cause by trial de novo, and the burden of proof is on the claimant.[1]

Appellant contends that on October 13, 1992, he mailed his appeal to the Jasper County District Clerk for filing and requested that a copy of the filed petition be returned to him. After failing to receive a copy within two weeks, appellant alleges he had his parents contact the Jasper County District Clerk's Office. He states that Ms. Nell Powers, the District Clerk for Jasper County, then sent a letter, dated October 27, 1992, to appellant explaining that she would file his suit upon receipt of the required filing fee of $110.00 non jury or $120.00 jury. Appellant states he then had his affidavit of indigency hand delivered to Ms. Powers, the District Clerk, on October 29, 1992, the day of the deadline. The affidavit was file-marked November 3, 1992, five days after the filing deadline.

On August 20, 1993, the trial court below heard appellee's plea to the jurisdiction, granted the motion and entered an order dismissing appellant's suit for want of jurisdiction.

Appellant brings three points of error on appeal. Appellant alleges error on the part of the trial court in dismissing appellant's case for being an untimely appeal. Appellant alleges that his appeal was in fact timely because he tendered the appeal to the Jasper County District Clerk for filing even though he did not attach the filing fee or an affidavit of indigency in a timely manner. While it is true that a document is filed when tendered, *Arndt v. Arndt,* 709 S.W.2d 281 (Tex.App.—Houston [14th Dist.] 1986, no writ), we are without a statement of facts of the hearing nor do we have evidence upon which the appellant bases his allegations. *4M Linen & Uniform v. W.P. Ballard & Co.,* 793 S.W.2d 320 (Tex.App.—Houston [1st Dist.] 1990, writ denied). Even though no statement of facts was filed, we nevertheless consider all questions of law. *Caramanian v. Houston Indep. School Dist.,* 829 S.W.2d 814 (Tex.App.—Houston [14th Dist.] 1992, no writ). We must however, in the absence of any statement of facts, find that evidence was adduced supporting the facts evidencing the trial court's lack of jurisdiction. *Law Off. of Yarborough & Pope v. Nat. Auto.,* 548 S.W.2d 462 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.). We therefore overrule point of error number one.

In appellant's point of error three, it is alleged that appellant's motion for summary judgment should have been granted. This Court is not permitted to entertain an appeal from an order denying a motion for summary judgment. *Caramanian,* 829 S.W.2d at 816, citing *Novak v. Stevens,* 596 S.W.2d 848 (Tex.1980). We overrule point of error number three.

Appellant alleges in his point of error two that he has a right to present evidence to the court, that he has a right to appear at any hearing such as the dismissal hearing, and that the trial court expressed personal feelings in rendering judgment. We find no merit in the allegation that the trial court

---

1. Article 8309–1 was repealed effective September 1, 1993. Acts 1993, 73rd Leg., ch. 268, § 46(1), 1993 Tex.Gen.Laws 583, 986.

ruled on the basis of his personal feelings without regard to the law.

 Regarding appellant's right to appear in court and to present evidence even though he was incarcerated, we are not totally without guidance. *See Pruske v. Dempsey,* 821 S.W.2d 687 (Tex.App.—San Antonio 1991, no writ); *Nichols v. Martin,* 776 S.W.2d 621 (Tex.App.—Tyler 1989) (orig. proceeding); and *Birdo v. Holbrook,* 775 S.W.2d 411 (Tex.App.—Fort Worth 1989, writ denied). If a pro se indigent inmate is required to be in court, then provision must be made for his attendance. *See Nichols,* 776 S.W.2d at 623. On the other hand, the inmate does not have the absolute right to present his case in a civil matter especially if the merits can be determined without his presence. *See Birdo,* 775 S.W.2d at 414. The trial court is to use its discretion in determining whether a prisoner should be allowed appearance in court in a civil case. *Brewer v. Taylor,* 737 S.W.2d 421 (Tex. App.—Dallas 1987, no writ). Factors to be considered by the trial court include: 1) the cost and inconvenience of transporting the prisoner to court; 2) the security risk and potential danger of allowing the prisoner to attend open court; 3) whether the prisoner's claims are substantial; 4) whether a determination of the matter can reasonably be delayed until the prisoner is released from incarceration; 5) whether the prisoner can and will offer admissible, noncumulative testimony which could not be offered effectively by deposition, telephone, or otherwise; 6) whether the prisoner's presence is important in judging his demeanor and credibility compared with that of other witnesses; 7) whether the trial is to the court or to a jury; and 8) the prisoner's probability of success on the merits. *Pruske,* 821 S.W.2d at 689, *citing Stone v. Morris,* 546 F.2d 730 (7th Cir.1976). A litigant cannot be denied access to the courts because he is incarcerated but his right of access does not unconditionally give an inmate the right to appear personally; the trial court is required to make inquiries as to the necessity of a personal appearance and whether denial of such appearance would foreclose a litigant's right to be heard at all. *Nichols,* 776 S.W.2d at 623. Should the court find that the pro se plaintiff inmate in a civil action is not entitled to leave prison to appear personally in court, then the prisoner should be allowed to proceed by affidavit, deposition, telephone, or other effective means. *See Jerry v. Francisco,* 632 F.2d 252 (3rd Cir.1980); *Holt v. Pitts,* 619 F.2d 558 (6th Cir.1980); *Pruske,* 821 S.W.2d at 689; and *Birdo,* 775 S.W.2d at 414.

 In the case before us appellant was not allowed to appear in open court to contest the plea to the jurisdiction filed by appellee, nor can it be determined from the transcript that the court ever ruled on appellant's request to appear at the dismissal hearing by way of a court ordered bench warrant. Failure to act on this motion constitutes an abuse of discretion on the part of the trial court and requires reversal of the decision made by the trial court. *See Jerry,* 632 F.2d at 256.

We find that appellant was effectively denied any appearance before the trial court because the trial court did not consider and rule on appellant's motion to appear at the hearing on the plea to the jurisdiction or make other provisions for appellant to present evidence in a proceeding where his testimony was material to the central fact at issue. We sustain appellant's point of error number two. Accordingly, the judgment dismissing Byrd's appeal is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.