In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-323 CV


____________________



IN THE INTEREST OF J.C.M., A MINOR






On Appeal from the 279th District Court


Jefferson County, Texas


Trial Cause No. F-180,973






MEMORANDUM OPINION (1)


 Larry Mitchell, the father of J.C.M., a minor, brings this appeal in a suit affecting
the parent-child relationship. The sole issue raised in the appeal contends Mitchell was
denied due process and access to the courts because the trial court failed to act upon the
appellant's motion to be bench warranted out of the Texas Department of Criminal Justice
for the hearing. The Texas Department of Protective and Regulatory Services concedes
error. We reverse and remand. 


 Approximately one year before the hearing, Mitchell filed a pro se answer,
requested appointment of an attorney ad litem, and moved for the issuance of a bench
warrant so that he could provide testimony in his own behalf at trial. Mistakenly believing
that the appellant failed to enter an appearance in the case, the trial court declared default
and heard testimony that Mitchell would not be released from prison before J.C.M.
attained majority. The trial court appointed the Texas Department of Protective and
Regulatory Services as the permanent managing conservator of fifteen-year-old J.C.M. and
denied Mitchell possession or access to the child. 

 "A prisoner has a constitutional right of access to the courts and may not be denied
access merely because he is an inmate." In re I.V., 61 S.W.3d 789, 796 (Tex.
App.-Corpus Christi 2001, no pet.), disapproved on other grounds by In re J.F.C., 96
S.W.3d 256, 267 (Tex.2002). The right to personally appear in civil litigation is not
unlimited; the trial court may, in its discretion, allow an inmate to proceed by affidavit,
deposition, telephone or other effective means. Byrd v. Attorney General, 877 S.W.2d
566, 569 (Tex. App.- Beaumont 1994, no writ). The trial court made no accommodation
by which Mitchell could participate in the proceeding, as requested in the motion for
issuance of a bench warrant. "Failure to act on this motion constitutes an abuse of
discretion on the part of the trial court and requires reversal of the decision made by the
trial court." Id. 

 We hold that the appellant was effectively denied any appearance before the trial
court because the trial court did not consider and rule on the motion for issuance of a
bench warrant or make other provisions for Mitchell, appellant, to cross-examine the
Department's witnesses and present evidence in a proceeding where his testimony was
material to a disputed issue of material fact. We sustain issue one. Accordingly, the
judgment is reversed and the cause is remanded to the trial court for further proceedings
consistent with this opinion.

 REVERSED AND REMANDED.

 PER CURIAM


Submitted September 2, 2003

Opinion Delivered September 11, 2003

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.