In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-527 CV


____________________



GENE OLIN BRICE, Appellant



V.



TERRI G. WILSON, JOHN R. MACLEAN, DAN M. BOULWARE,


INDIVIDUALLY, AND THE LAW PARTNERSHIP OF


MACLEAN & BOULWARE, Appellees






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CV66370






MEMORANDUM OPINION


 Pro se appellant Gene Olin Brice, an inmate in the Texas Department of Criminal
Justice, sued appellees Terri G. Wilson, John R. MacLean, Dan M. Boulware, and the law
partnership of MacLean & Boulware (1) for legal malpractice. The trial court granted
traditional and no-evidence motions for summary judgment in favor of appellees. Brice filed
this appeal, in which he raises five issues for our consideration. We affirm.

Background


 Brice's former wife, Lisa Denton, brought an action to terminate Brice's parental
rights, and the trial court appointed Wilson to represent Brice at the final termination hearing. 
During this hearing, Denton testified that Brice was currently serving a thirty-year concurrent
sentence for several cases, one of which involved Brice's molestation of his two children. 
Denton also explained that Brice had not supported the children since his arrest and she
believed termination of Brice's parental rights was in the best interest of the children. The
trial court terminated Brice's parental rights after finding by clear and convincing evidence
that Brice engaged in criminal conduct that resulted in his conviction for violating section
22.021 of the Texas Penal Code, and that termination of Brice's parental rights was in the
best interest of the children. Brice v. Denton, 135 S.W.3d 139, 140 (Tex. App.--Waco 2004,
pet. denied); see Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2006); Tex. Fam. Code
Ann. § 161.001(1)(L)(viii), (2) (Vernon Supp. 2006).

 Brice appealed the denial of his parental rights, and our sister Court of Appeals (with
the Chief Justice dissenting) held that Brice received ineffective assistance of counsel at the
termination hearing, reversed the termination order, and remanded the case to the trial court. 
See Brice, 135 S.W.3d at 140, 142. In its opinion, the Court of Appeals noted that Wilson
did not put on evidence at the hearing; did not consult with Brice; performed only a
"perfunctory cross-examination of Denton," which led to the admission of evidence that
Brice had been arrested for harassment, stalking, DWI, indecent exposure, and several cases
of indecency with a child; did not request a writ of habeas corpus ad testificandum; did not
interview potential witnesses; did not request a jury; and did not investigate the conviction
that was the basis for termination. Id. at 140-42. The Court of Appeals also stated,
"[N]othing in the record suggests that [Wilson] requested a continuance from the trial court." 
Id. at 142.

 Brice subsequently filed suit against Wilson for legal malpractice. Brice alleged that
Wilson was negligent or grossly negligent in failing to request a continuance; failing to
consult with him to determine the facts and prepare a defense; failing to investigate the
conviction that was the basis for termination; failing to challenge the pleadings and to present
evidence favorable to him; failing to request a writ of habeas corpus ad testificandum; failing
to investigate the facts of the case, including the failure to contact Brice's mother and sister,
who Brice asserts would have testified on his behalf; and failing to determine that Brice
wanted a jury trial. Brice contended that he "suffered the severe damages of not having the
effective assistance of counsel at the final hearing on the suit to terminate his parental rights
to his two minor children[,]" as well as "physical injuries and the emotional pain and
suffering from losing his parental rights to his two minor children." In supplemental
petitions, Brice added MacLean, Boulware, and the law partnership of MacLean & Boulware
as defendants under theories of agency; negligent hiring, supervision, or retention; and
respondeat superior.

 Wilson, MacLean, and Boulware filed no-evidence motions for summary judgment,
in which they asserted that Brice lacked evidence of a breach of duty owed pursuant to the
attorney-client relationship, and that Brice had failed to produce any evidence that the alleged
breach of duty proximately caused the alleged harm. Brice filed responses, to which he
attached copies of the opinion in which the Court of Appeals held that he received ineffective
assistance of counsel, a notice from the Supreme Court stating that it had denied review of
the case, and a portion of Tex. R. Civ. P. 166a. Brice also filed motions for issuance of a writ
of habeas corpus ad testificandum to enable him to appear at the hearings on the motions for
summary judgment filed by Wilson, MacLean, and Boulware. The trial court denied Brice's
motions for issuance of a writ of habeas corpus ad testificandum. The trial court granted the
motions for summary judgment and ordered that Brice take nothing from Wilson, MacLean,
and Boulware.

 Subsequently, Wilson, MacLean, and Boulware filed a "supplemental motion for
summary judgment" in response to Brice's second supplemental petition, which added
McLean & Boulware as a defendant. The supplemental motion sought summary judgment
on traditional grounds. The trial court granted the supplemental motion for summary
judgment.

Standards of Review


 We review summary judgments de novo. Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005). To defeat a no-evidence summary judgment motion, the non-movant must produce summary judgment evidence raising a genuine issue of material fact
regarding each element challenged by the movant. Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 600 (Tex. 2004). The non-movant raises a genuine issue of material fact by producing
"more than a scintilla of evidence" establishing the challenged element's existence. Id. at
600; Forbes Inc. v. Granada Biosciences, 124 S.W.3d 167, 172 (Tex. 2003). More than a
scintilla of evidence exists when the evidence is such that reasonable and fair-minded people
can differ in their conclusions. Ridgway, 135 S.W.3d at 601. If "'the evidence offered to
prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its
existence, the evidence is no more than a scintilla and, in legal effect, is no evidence.'" Id.
(quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)).

 In determining whether the non-movant has produced more than a scintilla of
evidence, we view the evidence in the light most favorable to the non-movant and disregard
all contrary evidence and inferences. Id.; King Ranch, Inc. v. Chapman, 118 S.W.3d 742,
750 (Tex. 2003). When, as in this case, the trial court granted summary judgment without
specifying the grounds for doing so, we will affirm if any theory advanced is meritorious. 
Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).

 With a traditional motion for summary judgment, the movant bears the burden of
establishing that there is no genuine issue of material fact and it is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d
640, 644 (Tex. 1995). A defendant moving for summary judgment must negate at least one
element of each of the plaintiff's theories of recovery or plead and conclusively establish
each element of an affirmative defense. Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910,
911 (Tex. 1997). If the moving party produces evidence entitling it to summary judgment,
the burden shifts to the non-movant to present evidence that raises a material fact issue. 
Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996). In deciding whether there is a disputed
material fact issue precluding summary judgment, the court must take evidence favorable to
the non-movant as true. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.
1985). The court must indulge every reasonable inference in favor of the non-movant and
resolve any doubts in his favor. Id.

 We review the trial court's denial of Brice's requests for writs of habeas corpus ad
testificandum for abuse of discretion. See Nance v. Nance, 904 S.W.2d 890, 892 (Tex.
App.--Corpus Christi 1995, no writ).

Issues Two and Four


 In issues two and four, Brice asserts the trial court erred by granting the no-evidence
motions for summary judgment filed by Wilson, MacLean, and Boulware. (2) We address these
two issues together.

 "Generally, to recover on a claim of legal malpractice, a plaintiff must prove that (1)
the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach
proximately caused the plaintiff's injuries, and (4) damages occurred." Peeler v. Hughes &
Luce, 909 S.W.2d 494, 496 (Tex. 1995) (citing Cosgrove v. Grimes, 774 S.W.2d 662, 665
(Tex. 1989)). In this case, it is undisputed that the Waco Court of Appeals reversed the trial
court's termination order. See Brice, 135 S.W.3d at 140, 142. Therefore, Brice did not lose
his parental rights from any act or omission of Wilson. In his response to Wilson's no-evidence motion for summary judgment, Brice failed to attach affidavits, discovery, or other
documents regarding any of his alleged damages. Because Brice produced no evidence that
he suffered any damages as a result of the alleged malpractice, the trial court properly granted
summary judgment in favor of Wilson. See Tex. R. Civ. P. 166a(i).

 Brice asserted causes of action against MacLean and Boulware under theories of 
agency; negligent hiring, supervision, or retention; and respondeat superior. Agency and
respondeat superior involve vicarious liability. See St. Joseph Hosp. v. Wolff, 94 S.W.3d 513,
541-42 (Tex. 2002) (Under doctrine of respondeat superior, an employer is vicariously liable
for the negligence of an employee acting within the scope of his employment.); Bradt v.
West, 892 S.W.2d 56, 78 (Tex. App.--Houston [1st Dist.] 1994, writ denied) ("It is
fundamental that the agent's acts must be in some way wrongful before the principal can be
'liable' for the acts of the agent."). Because Brice produced no evidence as to at least one
of the elements of his cause of action against Wilson, a no-evidence summary judgment in
favor of Wilson was appropriate. Likewise, because summary judgment in favor of Wilson
was appropriate, Brice can hold neither MacLean nor Boulware liable. See Bradt, 892
S.W.2d at 78.

 Brice's causes of action against MacLean and Boulware for negligent hiring and
retention likewise fail. To recover under a theory of negligent hiring, "a plaintiff must prove
that (1) the employer owed a legal duty to protect the employee's actions and (2) the third
party's sustained damages were proximately caused by the employer's breach of that duty." 
Bedford v. Moore, 166 S.W.3d 454, 463 (Tex. App.--Fort Worth 2005, no pet.) (citing Rosell
v. Cent. W. Motor Stages, Inc., 89 S.W.3d 643, 655 (Tex. App.--Dallas 2002, pet. denied)). 
As previously discussed, Brice failed to produce any evidence of damages. Therefore, the
trial court did not err by entering no-evidence summary judgments in favor of Wilson,
MacLean, and Boulware. We overrule issues two and four.

Issue Five


 In his fifth issue, Brice asserts the trial court erred in granting the supplemental
motion for summary judgment filed by Wilson, MacLean, and Boulware. Wilson, MacLean,
and Boulware's "supplemental motion for summary judgment," which was filed in response
to Brice's addition of MacLean & Boulware to the lawsuit, sought summary judgment "on
the grounds that Plaintiff has no damages and thus cannot prevail on his legal malpractice
and negligence claims as a matter of law." The supplemental motion for summary judgment
merely asserted alternate traditional grounds for summary judgment, and the filing of said
motion was likely unnecessary because the trial court had previously entered summary
judgment orders that Brice take nothing. Because we have determined the trial court did not
err in granting no-evidence summary judgments in favor of Wilson, MacLean, and Boulware,
we likewise find that granting the supplemental motion for summary judgment, while
unnecessary, was not erroneous. We overrule issue five.

Issues One and Three


 In issues one and three, Brice argues the trial court erred by denying his motions for
issuance of a writ of habeas corpus ad testificandum, (3) which he sought to enable him to
appear at the hearings on the no-evidence motions for summary judgment filed by Wilson,
MacLean, and Boulware. (4) We address these issues together. An inmate does not have an
absolute right to appear in court in a civil case, and the decision rests in the sound discretion
of the trial court. Armstrong v. Randle, 881 S.W.2d 53, 56-57 (Tex. App.--Texarkana 1994,
writ denied). Factors the trial court should consider include:

 1) the cost and inconvenience of transporting the prisoner to court;

 2) the security risk and potential danger of allowing the prisoner to attend open
court;

 3) whether the prisoner's claims are substantial;

 4) whether a determination of the matter can reasonably be delayed until the
prisoner is released from incarceration;

 5) whether the prisoner can and will offer admissible, noncumulative testimony
which could not be offered effectively by deposition, telephone, or otherwise;

 6) whether the prisoner's presence is important in judging his demeanor and
credibility compared with that of other witnesses;

 7) whether the trial is to the court or to a jury; and

 8) the prisoner's probability of success on the merits.


Byrd v. Attorney Gen. of the State of Tex., 877 S.W.2d 566, 569 (Tex. App.--Beaumont 1994,
no writ). A summary judgment hearing is conducted without oral testimony, so credibility
determinations are not involved. See Tex. R. Civ. P. 166a(c). At the hearing, the trial court
considers only the discovery, pleadings, admissions, affidavits, stipulations, and
authenticated or certified public records referenced or set forth in the motion for summary
judgment or response. See id. Therefore, when a litigant participates in all steps of a
summary judgment proceeding except the hearing on the motion, he has participated in the
actual trial that determined the parties' rights. Texaco, Inc. v. Cent. Power & Light Co., 925
S.W.2d 586, 589 (Tex. 1996).

 The clerk's record reflects that Brice filed written responses to the motions for
summary judgment filed by Wilson, MacLean, and Boulware. (5) The record of the hearing
conducted on September 15, 2005, reflects that counsel for MacLean and Boulware briefly
presented arguments regarding the motion for summary judgment. The trial court did not
hear or rule on any objections to summary judgment evidence at the hearing. Because Brice
could not have presented additional evidence had he been present in person or by telephone
at either hearing, we find that the trial court did not abuse its discretion by denying Brice's
motions for issuance for writs of habeas corpus ad testificandum. See Tex. R. Civ. P.
166a(c); compare Byrd, 877 S.W.2d at 569 (Trial court denied appellant any appearance at
hearing on plea to the jurisdiction because the trial court "did not consider and rule on
appellant's motion to appear at the hearing . . . or make other provisions for appellant to
present evidence in a proceeding where his testimony was material to the central fact at
issue."). We overrule issues one and three and affirm the trial court's judgment. AFFIRMED.











 STEVE MCKEITHEN

 Chief Justice




Submitted on October 12, 2006

Opinion Delivered November 9, 2006


Before McKeithen, C.J., Kreger and Horton, JJ. 
1. We use "MacLean" and "Boulware" or "MacLean and Boulware" to refer to the
individual appellees and "MacLean & Boulware" to refer to the appellee law partnership.
2. To the extent issue four raises the issue of the trial court's denial of Brice's requests
for writs of habeas corpus ad testificandum, we address that complaint in our discussion of
issues one and three.
3. In his second motion for issuance of a bench warrant, Brice alternatively requested
that the hearing be conducted by conference call.
4. The second scheduled hearing also concerned Wilson's "Motion to Modify Judgment
or in the Alternative Motion for Judgment Nunc Pro Tunc." Wilson's motion sought to
correct an inconsistency created when the trial court granted both Brice's motion for
summary judgment against Wilson and Wilson's no-evidence summary judgment against
Brice. The trial court granted Wilson's motion to modify and entered corrected orders
reflecting that Wilson's no-evidence motion for summary judgment was granted and Brice's
motion for summary judgment was denied.
5. Although the record does not reflect that Brice filed a response to Wilson's "Motion
to Modify Judgment or in the Alternative Motion for Judgment Nunc Pro Tunc," Brice did
file a motion for summary judgment and responses to the no-evidence motions for summary
judgment filed by Wilson, MacLean, and Boulware. The motion to modify or, alternatively,
motion for judgment nunc pro tunc, simply sought to invalidate the summary judgment order
mistakenly entered in favor of Brice. Therefore, Brice's motion for summary judgment and
his responses to the no-evidence motions for summary judgment afforded him adequate
opportunities to state his arguments.