

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00131-CV

## IN THE INTEREST OF G.M.S., A CHILD,

**From the 18th District Court**
**Johnson County, Texas**
**Trial Court No. D200306239**

## MEMORANDUM OPINION

In this suit affecting the parent-child relationship, Appellant E.C.S., Jr. appeals the trial court's dismissal for want of prosecution of his motion for contempt.

G.'s maternal grandparents filed suit to be appointed her sole managing conservators. The trial court appointed them sole managing conservators and appointed G.'s mother as possessory conservator. Appellant, G.'s father, was ordered to pay child support but was specifically not named a possessory conservator, nor was he given any visitation. G.'s mother was given visitation with supervision. It appears that Appellant has been in prison at all relevant times.

On February 21, 2008, Appellant filed a motion for contempt against the grandparents, asserting that they were not complying with the trial court's order

because they were not caring for G., had allowed G.'s mother to have unsupervised visits, and had left G. in her mother's care. The motion for contempt was supported by Appellant's affidavit that attached a copy of a letter from G.'s mother that said G. "is living with me and she is fine."

A hearing on the motion for contempt was scheduled for April 3, 2008. Appellant filed his "motion for bench warrant or alternative teleconference" on March 18. In it, Appellant stated that he was confined in the Stringfellow Unit in Rosharon and that he was unable to appear at the hearing without a bench warrant or a teleconference. He also provided the prison's teleconference contact information and stated that the prison staff had agreed to assist in the teleconference. Appellant also asserted his state and federal constitutional rights to access to the courts. Finally, he noted that he was serving a three-year prison sentence, was classified as "minimum risk," and that he was scheduled to be released on May 24, 2009.

At the time for the hearing, no one appeared on the motion for contempt, and the trial court dismissed it for want of prosecution:

> THE COURT: Anyone here on D20006239; In The Interest of [G.S.]?
>
> (No Response)
>
> THE COURT: If not, that case has been on the dismissal docket several times, there's nobody here to pursue the motion and I'm going to dismiss that case.

A dismissal order for want of prosecution was entered that day.

Appellant raises three issues: (1) the trial court denied Appellant due process because it did not issue a bench-warrant or arrange for a teleconference so that he could

participate in the hearing; (2) the trial court failed to liberally construe Appellant's contempt motion; and (3) the trial court abused its discretion in not ruling on the contempt motion. No Appellee has filed a brief.

"A prisoner in Texas has a constitutional right of access to the courts, but only a qualified right to appear personally at a civil proceeding." *Dodd v. Dodd,* 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *accord Ramirez,* 994 S.W.2d at 684; *Pedraza v. Crossroads Sec. Sys.,* 960 S.W.2d 339, 342 (Tex. App.—Corpus Christi 1997, no pet.); *Armstrong v. Randle,* 881 S.W.2d 53, 56 (Tex. App.—Texarkana 1994, writ denied); *Byrd v. Attorney General,* 877 S.W.2d 566, 569 (Tex. App.—Beaumont 1994, no writ) (per curiam). Texas courts have followed the lead of the federal courts in identifying pertinent factors to be considered in deciding whether an inmate should be permitted to personally appear.

These factors include:
(1) the cost and inconvenience of transporting the inmate to court; (2) the security risk and danger to the court and the public by allowing the inmate to attend court; (3) whether the inmate's claims are substantial; (4) whether a determination of the matter can reasonably be delayed until the inmate is released; (5) whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise; (6) whether the inmate's presence is important in judging his demeanor and credibility compared with that of other witnesses; (7) whether the trial is to the court or to a jury; and (8) the inmate's probability of success on the merits.

*Armstrong,* 881 S.W.2d at 57 (citing *Stone v. Morris,* 546 F.2d 730, 735-36 (7th Cir. 1976)); *accord Byrd,* 877 S.W.2d at 569; *Brewer v. Taylor,* 737 S.W.2d 421, 423 (Tex. App.—Dallas 1987, no writ). Should the trial court determine after considering these factors that the prisoner is not entitled to appear personally, then the court should permit him "to proceed by affidavit, deposition, telephone, or other effective means." *Byrd,* 877 S.W.2d at 569 (quoted in *Dodd,* 17 S.W.3d at 717; *Ramirez,* 994 S.W.2d at 684; *Pedraza,* 960 S.W.2d at 343 n.3).

A trial court's refusal to consider and rule upon a prisoner's request to appear in a civil proceeding personally or by other means constitutes an abuse of discretion. *See Dodd,* 17 S.W.3d at 718; *Byrd,* 877 S.W.2d at 569. Because Respondent has failed to consider and rule upon Richard's

application for writ of habeas corpus ad testificandum or alternatively to appear via videoconferencing, Respondent has abused his discretion.

*In re Taylor,* 28 S.W.3d 240, 249 (Tex. App.—Waco 2000, orig. proceeding), *disapproved in part by In re Z.L.T.,* 124 S.W.3d 163, 166 (Tex. 2003).

When a request for a bench warrant includes no information by which a trial court can assess the necessity of the inmate's appearance, the trial court does not abuse its discretion when it fails to consider or act on an inmate's request for a bench warrant. *In re Z.L.T.,* 124 S.W.3d 163, 166 (Tex. 2003). Nor does a trial court have a duty to go beyond the bench warrant request and independently inquire into the necessity of an inmate's appearance. *Id.*

Because Appellant alternatively requested to participate in the hearing by teleconference and his motion unquestionably provided sufficient information for that purpose, we review his first and third issues on that aspect alone for an abuse of discretion. *See, e.g., Boulden v. Boulden,* 133 S.W.3d 884, 885, 886-87 (Tex. App.—Dallas 2004, no pet.).

> *Z.L.T.* specifically struck down the notion propagated by Texas appeals courts that trial courts must evaluate independently various factors in deciding whether to grant bench warrant requests, regardless of the content of the requests. *Id.* at 166. However, the Supreme Court did not address the assertion, also encouraged by appeals courts, that the trial court has an additional responsibility if the bench warrant is refused.

> Several appeals courts have held that in the event a trial court finds that a *pro se* inmate in a civil action is not entitled to appear personally in court, the prisoner should be allowed to proceed by affidavit, deposition, telephone, or other effective means. *Boulden v. Boulden,* 133 S.W.3d 884, 886-87 (Tex. App.—Dallas 2004, no pet. h.); *In the Interest of D.D.J.,* 136 S.W.3d 305, 313 (Tex. App.—Fort Worth 2004, no pet. h.); *Lann v. LaSalle County,* No. 04-02-00005, 2003 WL 141040, at *1 (Tex. App.—San Antonio

January 22, 2003, no pet.) (not yet published); *Byrd v. Attorney General of State of Tex. Crime Victims Compensation Div.,* 877 S.W.2d 566, 569 (Tex. App.—Beaumont 1994, no pet.); *In re B.R.G.,* 48 S.W.3d 812, 820 (Tex. App.—El Paso 2001, no pet.). We have further stated that a trial court's refusal to consider and rule on a prisoner's request to appear in a civil proceeding personally or by other means, such that the inmate has been effectively barred from presenting his case, constitutes an abuse of discretion. *In re B.R.G.,* 48 S.W.3d at 820.

Many circumstances can contribute to an inmate being barred from presenting his case. For example, one court found that an inmate who was a defendant in a civil action and who was proceeding *pro se* as had been effectively barred from presenting his case when his request to appeal and for an attorney were denied. *Armstrong v. Randle,* 881 S.W.2d 53, 57 (Tex. App.—Texarkana 1994, writ denied). An abuse of discretion was found in another case where the court records demonstrated repeated efforts on the part of an inmate to present a defense from prison, but no mention of his assertions or evidence was made during the proceeding. *Zuniga v. Zuniga,* 13 S.W.3d 798, 801 (Tex. App.—San Antonio 1999, no pet.), *disapproved in part on other grounds by In re Z.L.T.,* 124 S.W.3d at 166. Still another court found an abuse of discretion where an inmate who filed for divorce proposed alternative means of appearing and did everything possible to respond to the trial court, only to find the case dismissed without his participation. *Boulden,* 133 S.W.3d at 887. The *Zuniga* Court emphasized that the inmate in that case had a right to be heard, particularly because the suit affected his parental rights. *Zuniga,* 13 S.W.3d at 801. We believe the same to be true in the case at bar.

*Urquidez v. Urquidez,* 2004 WL 1933339, at *4-5 (Tex. App.—El Paso Aug. 31, 2004, no pet.).

Applying the above case law to the issues before us, we find that the trial court abused its discretion by failing to allow Appellant to proceed by the alternative means of teleconference and by dismissing for want of prosecution the contempt motion. *See id.* at *5; *Boulden,* 133 S.W.3d at 885, 886-87 (reversing dismissal of inmate's divorce case for want of prosecution where inmate had filed motion for bench warrant or alternative

hearing by conference call).  Issues one and three are sustained in part.  We need not address issue two.

We reverse the trial court's April 3, 2008 dismissal order and remand this case for proceedings consistent with this opinion.


BILL VANCE<br>Justice

Before Chief Justice Gray,
     Justice Vance, and
     Justice Reyna
Reversed and remanded
Opinion delivered and filed November 5, 2008
[CV06]