IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00131-CV

 

In the
Interest of G.M.S., a Child,

 

 

 



From the 18th District Court

Johnson County, Texas

Trial Court No. D200306239

 



MEMORANDUM Opinion



 

In this suit affecting the parent-child
relationship, Appellant E.C.S., Jr. appeals the trial court’s dismissal for
want of prosecution of his motion for contempt.

G.’s maternal grandparents filed suit to be
appointed her sole managing conservators.  The trial court appointed them sole
managing conservators and appointed G.’s mother as possessory conservator. 
Appellant, G.’s father, was ordered to pay child support but was specifically
not named a possessory conservator, nor was he given any visitation.  G.’s
mother was given visitation with supervision.  It appears that Appellant has
been in prison at all relevant times.

On February 21, 2008, Appellant filed a motion for
contempt against the grandparents, asserting that they were not complying with
the trial court’s order because they were not caring for G., had allowed G.’s
mother to have unsupervised visits, and had left G. in her mother’s care.  The
motion for contempt was supported by Appellant’s affidavit that attached a copy
of a letter from G.’s mother that said G. “is living with me and she is fine.”

A hearing on the motion for contempt was scheduled
for April 3, 2008.   Appellant filed his “motion for bench warrant or
alternative teleconference” on March 18.  In it, Appellant stated that he was
confined in the Stringfellow Unit in Rosharon and that he was unable to appear
at the hearing without a bench warrant or a teleconference.  He also provided
the prison’s teleconference contact information and stated that the prison
staff had agreed to assist in the teleconference.  Appellant also asserted his
state and federal constitutional rights to access to the courts.  Finally, he
noted that he was serving a three-year prison sentence, was classified as
“minimum risk,” and that he was scheduled to be released on May 24, 2009.

At the time for the hearing, no one appeared on
the motion for contempt, and the trial court dismissed it for want of
prosecution:

THE COURT:  Anyone here on D20006239; In The
Interest of [G.S.]?

 

(No Response)

 

THE COURT:  If not, that case has been on the
dismissal docket several times, there’s nobody here to pursue the motion and
I’m going to dismiss that case.

 

A dismissal order for want of prosecution was
entered that day.

Appellant raises three issues:  (1) the trial
court denied Appellant due process because it did not issue a bench-warrant or
arrange for a teleconference so that he could participate in the hearing; (2)
the trial court failed to liberally construe Appellant’s contempt motion; and
(3) the trial court abused its discretion in not ruling on the contempt
motion.  No Appellee has filed a brief.

“A prisoner in Texas has a constitutional right of
access to the courts, but only a qualified right to appear personally at a
civil proceeding.”  Dodd v. Dodd, 17 S.W.3d 714, 717 (Tex. App.—Houston
[1st Dist.] 2000, no pet.); accord Ramirez, 994 S.W.2d at 684; Pedraza
v. Crossroads Sec. Sys., 960 S.W.2d 339, 342 (Tex. App.—Corpus Christi
1997, no pet.); Armstrong v. Randle, 881 S.W.2d 53, 56 (Tex.
App.—Texarkana 1994, writ denied); Byrd v. Attorney General, 877 S.W.2d
566, 569 (Tex. App.—Beaumont 1994, no writ) (per curiam).  Texas courts have
followed the lead of the federal courts in identifying pertinent factors to be
considered in deciding whether an inmate should be permitted to personally
appear.

 

These factors include:

(1) the cost and inconvenience of transporting the
inmate to court; (2) the security risk and danger to the court and the public
by allowing the inmate to attend court; (3) whether the inmate’s claims are
substantial; (4) whether a determination of the matter can reasonably be
delayed until the inmate is released; (5) whether the inmate can and will offer
admissible, noncumulative testimony that cannot be offered effectively by
deposition, telephone, or otherwise; (6) whether the inmate’s presence is
important in judging his demeanor and credibility compared with that of other
witnesses; (7) whether the trial is to the court or to a jury; and (8) the
inmate’s probability of success on the merits.

 

Armstrong, 881 S.W.2d at 57 (citing Stone v. Morris, 546 F.2d 730,
735-36 (7th Cir. 1976)); accord Byrd, 877 S.W.2d at 569; Brewer v.
Taylor, 737 S.W.2d 421, 423 (Tex. App.—Dallas 1987, no writ).  Should the
trial court determine after considering these factors that the prisoner is not
entitled to appear personally, then the court should permit him “to proceed by
affidavit, deposition, telephone, or other effective means.”  Byrd, 877
S.W.2d at 569 (quoted in Dodd, 17 S.W.3d at 717; Ramirez, 994
S.W.2d at 684; Pedraza, 960 S.W.2d at 343 n.3).

 

A trial court’s refusal to consider and rule upon
a prisoner's request to appear in a civil proceeding personally or by other
means constitutes an abuse of discretion.  See Dodd, 17 S.W.3d at 718; Byrd,
877 S.W.2d at 569.  Because Respondent has failed to consider and rule upon
Richard’s application for writ of habeas corpus ad testificandum or
alternatively to appear via videoconferencing, Respondent has abused his
discretion.

 

In re Taylor, 28 S.W.3d 240, 249 (Tex. App.—Waco 2000, orig. proceeding), disapproved
in part by In re Z.L.T., 124 S.W.3d 163, 166 (Tex. 2003).

When a request for a bench warrant includes no
information by which a trial court can assess the necessity of the inmate’s
appearance, the trial court does not abuse its discretion when it fails to
consider or act on an inmate’s request for a bench warrant.  In re Z.L.T.,
124 S.W.3d 163, 166 (Tex. 2003).  Nor does a trial court have a duty to go
beyond the bench warrant request and independently inquire into the necessity
of an inmate’s appearance.  Id.

Because Appellant alternatively requested to
participate in the hearing by teleconference and his motion unquestionably
provided sufficient information for that purpose, we review his first and third
issues on that aspect alone for an abuse of discretion.  See, e.g., Boulden
v. Boulden, 133 S.W.3d 884, 885, 886-87 (Tex. App.—Dallas 2004, no pet.).

Z.L.T. specifically struck down the notion
propagated by Texas appeals courts that trial courts must evaluate
independently various factors in deciding whether to grant bench warrant
requests, regardless of the content of the requests.  Id. at 166.  However, the Supreme Court did not address the assertion,
also encouraged by appeals courts, that the trial court has an additional
responsibility if the bench warrant is refused.

 

Several
appeals courts have held that in the event a trial court finds that a pro se
inmate in a civil action is not entitled to appear personally in court, the
prisoner should be allowed to proceed by affidavit, deposition, telephone, or
other effective means.  Boulden v. Boulden, 133 S.W.3d 884, 886-87 (Tex. App.—Dallas 2004, no pet. h.); In the Interest of D.D.J., 136 S.W.3d 305, 313 (Tex. App.—Fort Worth 2004, no pet. h.); Lann v. LaSalle County, No. 04-02-00005,
2003 WL 141040, at *1 (Tex. App.—San Antonio January 22, 2003, no pet.) (not
yet published); Byrd v. Attorney General of State of Tex. Crime Victims
Compensation Div., 877 S.W.2d 566, 569 (Tex. App.—Beaumont 1994, no pet.); In
re B.R.G., 48 S.W.3d 812, 820 (Tex. App.—El Paso 2001, no pet.).  We have
further stated that a trial court’s refusal to consider and rule on a
prisoner’s request to appear in a civil proceeding personally or by other
means, such that the inmate has been effectively barred from presenting his
case, constitutes an abuse of discretion.  In re B.R.G., 48 S.W.3d at
820.

 

Many
circumstances can contribute to an inmate being barred from presenting his
case.  For example, one court found that an inmate who was a defendant in a
civil action and who was proceeding pro se as had been effectively barred
from presenting his case when his request to appeal and for an attorney were
denied.  Armstrong v. Randle, 881 S.W.2d 53, 57 (Tex. App.—Texarkana
1994, writ denied).  An abuse of discretion was found in another case where the
court records demonstrated repeated efforts on the part of
an inmate to present a defense from prison, but no mention of his assertions or
evidence was made during the proceeding.  Zuniga v. Zuniga, 13 S.W.3d
798, 801 (Tex. App.—San Antonio 1999, no pet.), disapproved in part on other
grounds by In re Z.L.T., 124 S.W.3d
at 166.  Still another court found an abuse
of discretion where an inmate who filed for divorce proposed alternative means
of appearing and did everything possible to respond to the trial court, only to
find the case dismissed without his participation.  Boulden, 133 S.W.3d
at 887.  The Zuniga Court emphasized that the inmate in that case had a
right to be heard, particularly because the suit affected his parental rights. 
Zuniga, 13 S.W.3d at 801.  We believe the same to be true in the case at
bar.

 

Urquidez v.
Urquidez, 2004 WL 1933339, at *4-5 (Tex. App.—El Paso Aug. 31,
2004, no pet.).

Applying the above case law to the issues before us, we find that
the trial court abused its discretion by failing to allow Appellant to proceed
by the alternative means of teleconference and by dismissing for want of
prosecution the contempt motion.  See id. at *5; Boulden,
133 S.W.3d at 885, 886-87 (reversing dismissal of inmate’s divorce case for
want of prosecution where inmate had filed motion for bench warrant or
alternative hearing by conference call).  Issues one and three are sustained in
part.  We need not address issue two.

We reverse the trial court’s April 3, 2008 dismissal order and
remand this case for proceedings consistent with this opinion.

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

Reversed and remanded

Opinion delivered and
filed November 5, 2008

[CV06]