McArthur COLEMAN, Appellant,

v.

James LYNAUGH, Appellee.

No. 01–96–00377–CV.

Court of Appeals of Texas,
Houston, (1st Dist.).

Nov. 7, 1996.

Rehearing Overruled Nov. 27, 1996.

---

McArthur Coleman, Gatesville, for appellant.

Bridget Robinson, Austin, for appellee.

Before COHEN, HEDGES and TAFT, JJ.

## OPINION

COHEN, Justice.

Appellant filed a *pro se, in forma pauperis* action seeking review of disciplinary measures during his prison term. The district judge dismissed appellant's case for want of prosecution. We affirm.

On September 14, 1989, appellant sued Lynaugh. More than four years later, the trial judge gave notice that the case was set for the October 1995 Civil Dismissal Docket:

> This cause will be dismissed on OCTOBER 13, 1995, at 1:45 P.M., unless, prior to this date, request to retain said cause on the docket is made in writing to the Clerk, all [sic] per Rule 165a, T.R.C.P. Return of this notice constitutes written request. If the case is retained on the docket for any reason, ALL PARTIES ARE HEREBY NOTIFIED PER RULE 245, T.R.C.P., THAT THE SAME IS SET FOR TRIAL AT 9:00 O'CLOCK A.M. ON 01/29/96. TO RETAIN, THIS REQUEST MUST BE RECEIVED BY THE CLERK PRIOR TO OCTOBER 6, 1995, OR YOU MUST APPEAR AT THE DOCKET CALL.

Appellant stated on the form that he would be "ready for trial on the above date" and returned it to the Clerk.

In accordance with appellant's request, the trial judge did not dismiss the case on October 13, 1995. Instead, as provided in the notice of intent to dismiss, the judge called the case for trial on January 29, 1996. When no one asked to retain the case on the pending docket, the judge dismissed for want of prosecution.

In the first point of error, appellant contends the trial judge erred in dismissing his case for want of prosecution.

The standard of review is abuse of discretion. *Armentrout v. Murdock,* 779 S.W.2d 119, 119 (Tex.App.—Houston [1st Dist.] 1989, no writ). A judge may dismiss a case for want of prosecution "on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," TEX.R. CIV. P. 165a(1), or under his inherent powers. *Veterans' Land Bd. v. Williams,* 543 S.W.2d 89, 90 (Tex.1976).

As a *pro se* litigant, appellant was responsible to prosecute his action with diligence, like any other litigant. *See Johnson v. McLean,* 630 S.W.2d 790, 793 (Tex.App.—Houston [1st Dist.] 1982, no writ). After receiving notice that his case was set for trial, appellant signed and returned the form indicating that he would be "ready." However, when his case was called, no one announced ready or asked to retain it on the

pending docket, nor does appellant cite to any written request for retention that was before the judge on that date. *See Armstrong v. Randle*, 881 S.W.2d 53, 58 (Tex. App.—Texarkana 1994, writ denied). Given this state of the record, the dismissal was not an abuse of discretion.

We overrule the first point of error.

In his second point of error, appellant contends he should have received court-appointed counsel.

A district judge may appoint counsel for an indigent party in a civil case. TEX. GOV'T CODE ANN. § 24.016 (Vernon 1988). The Texas Supreme Court has "never held that a civil litigant must be represented by counsel in order for a court to carry on its essential, constitutional function," even though "in some exceptional cases, the public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Travelers Indemnity Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex.1996). Appellant did not show that his case was exceptional; thus, the trial judge did not abuse his discretion. Additionally, appellant's brief does not cite the pages of the record where he asked for counsel and the judge denied it. *See* TEX.R.APP. P. 74(f).

We overrule the second point of error.

The judgment is affirmed.