TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00519-CV






Hubert Earl Teague, Jr., Appellant



v.



Holiday Inn Express and Mark Pavlicek, Former General Manager of Holiday Inn
Express, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 99-00216, HONORABLE PAUL R. DAVIS, JUDGE PRESIDING 







 Hubert Earl Teague, Jr. appeals from the summary judgment rendered against him
in his suit against Holiday Inn Express and Mark Pavlicek ("Holiday Inn"). We will affirm the
trial-court judgment. (1)




Factual and Procedural Background


 In February 1997, while a registered guest at the Holiday Inn, Teague was arrested
and charged with possession of a controlled substance. Teague alleged that, on the day of the
arrest, he had had an "adverse reaction to a substance." The staff at the Holiday Inn called for
assistance from emergency medical services. Teague alleged that City of Austin police officers,
with Holiday Inn's consent, searched his hotel room and seized his personal property. Teague
alleged that he entered into a contract with Holiday Inn to be "secure in his person and property"
and that the negligent actions of Holiday Inn breached that contract.

 Holiday Inn filed a "no evidence" summary judgment motion and gave notice of
hearing. (2) Teague filed no response to the motion for summary judgment. The court granted
Holiday Inn's motion on June 18, 1999. Teague filed a motion for rehearing, which was
overruled. On August 23, 1999, Teague filed a motion for bench warrant or, alternatively, for
appointment of counsel. (3)

 In one point of error on appeal, Teague complains that the trial court abused its
discretion in denying his request for a bench warrant and for appointment of counsel.

Discussion



 All litigants who are forced to settle disputes through the judicial process have a
fundamental right under the federal constitution to be heard at a meaningful time in a meaningful
manner. Boddie v. Connecticut, 401 U.S. 371, 377-378, 91 S. Ct. 780, 785-86, 28 L. Ed. 2d 113
(1971). The right to be heard includes the opportunity to introduce evidence, to cross-examine
witnesses, to be heard on questions of law and to have judgment rendered only after trial. Jordan
v. Jordan, 653 S.W.2d 356, 358 (Tex. App.--San Antonio 1983, no writ).

 A litigant cannot be denied access to the courts simply because he is an inmate.
Hudson v. Palmer, 468 U.S. 517, 523 (1984); Nichols v. Martin, 776 S.W.2d 621, 623 (Tex.
App.--Tyler 1989, orig. proceeding). However, the right of access to the courts does not give an
inmate an unconditional right to appear personally, particularly if the merits can be determined
without his presence. Byrd v. Attorney Gen., 877 S.W.2d 566, 569 (Tex. App.--Beaumont 1994,
no writ). If an inmate is not allowed to appear personally, then the inmate should be allowed to
proceed by affidavit, deposition, telephone, or other effective means. Byrd, 877 S.W.2d at 569. 
The decision to issue a bench warrant or appoint counsel to an inmate rests within the sound
discretion of the trial court. Dodd v. Dodd, 17 S.W.3d 714, 716 (Tex. App.--Houston [1st Dist.]
2000, no pet.); Pedraza v. Crossroads Sec. Sys., 960 S.W.2d 339, 341-42 (Tex. App.--Corpus
Christi 1997, no pet.). An important factor in such a determination is whether denial of an
appearance would foreclose a litigant's right to be heard at all. Nichols, 776 S.W.2d at 623.

 A district judge has the power to appoint counsel for an indigent party in a civil
case. Tex. Gov't Code Ann. § 24.016 (West 1988). However, the Texas Supreme Court has
never recognized a right to counsel in civil cases. Travelers Indem. Co. v. Mayfield, 923 S.W.2d
590, 594 (Tex. 1996); Coleman v. Lynaugh, 934 S.W.2d 837, 839 (Tex. App.--Houston [1st Dist.]
1996, no writ). In "some exceptional cases, the public and private interests at stake are such that
the administration of justice may best be served by appointing a lawyer to represent an indigent
civil litigant." Travelers, 923 S.W.2d at 594; Coleman, 934 S.W.2d at 839.

 Teague complains that the court should have issued a bench warrant to allow him
to appear in person at a hearing on a motion for summary judgment. However, "no oral
testimony is to be received" at such a hearing. Tex. R. Civ. P. 166a(c). Teague failed to file a
response to the motion for summary judgment. Filing such a response was an effective means of
full participation without making a personal appearance. See Byrd, 877 S.W.2d at 569. Teague
makes no showing that his breach-of-contract case against Holiday Inn is the exceptional case that
would justify the appointment of counsel. The trial court did not abuse its discretion in refusing
to appoint counsel and in declining to authorize a bench warrant for Teague to appear at a hearing
that did not require his presence and which was held two months before he requested the bench
warrant.

 A no-evidence summary judgment is properly granted if the non-movant fails to
bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as
to an essential element of the non-movant's claim on which the non-movant would have had the
burden of proof at trial. Tex. R. Civ. P. 166a(i); see Jackson v. Fiesta Mart, Inc., 979 S.W.2d
68, 70-71 (Tex. App.--Austin 1998, no pet.); see also Merrell Dow Pharm., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex.1997). If the evidence supporting a finding rises to a level that would
enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla
of evidence exists. Merrell Dow, 953 S.W.2d at 711. Less than a scintilla of evidence exists
when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a
fact, and the legal effect is that there is no evidence. Kindred v. Con/Chem, Inc., 650 S.W.2d
61, 63 (Tex. 1983). In this case, Teague had the burden to go forward and produce more than
a scintilla of evidence on the elements of his cause of action against Holiday Inn. He failed to
respond to the no-evidence motion for summary judgment and thus did not meet his burden. We
overrule Teague's sole point of error.


 Conclusion



 We have concluded that the trial court did not abuse its discretion in refusing to 
issue a bench warrant or appoint counsel. Teague did not meet his burden to defeat the no-evidence motion for summary judgment. Accordingly, we affirm the trial court judgment.



 
 

 Bea Ann Smith, Justice


Before Justices Kidd, B. A. Smith and Puryear


Affirmed


Filed: April 19, 2001


Do Not Publish
1. Teague also sued the City of Austin and two Austin Police Department officers. Teague's
action against those defendants was severed and is pending on appeal in this Court as cause
number 03-00-00296-CV.
2. Tex. R. Civ. P. 166a(i).
3. Teague's brief on appeal states that he is currently incarcerated "on other charges" without
further explanation. Teague represents himself pro se in this litigation, which does not excuse
him from complying with applicable rules of procedure: "Neither is it [the right of self-representation] a license not to comply with the relevant rules of procedural and substantive law." 
Faretta v. California, 422 U.S. 806, 834 n.46 (1975). As stated by the Texas Supreme Court:


There cannot be two sets of procedural rules, one for litigants with counsel and the
other for litigants representing themselves. Litigants who represent themselves
must comply with the applicable procedural rules, or else they would be given an
unfair advantage over litigants represented by counsel.


Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978); Chandler v. Chandler, 991
S.W.2d 367, 378-79 (Tex. App.--El Paso 1999, pet. denied), cert. denied, 120 S. Ct. 1557 (April
3, 2000).




 Mayfield, 923 S.W.2d
590, 594 (Tex. 1996); Coleman v. Lynaugh, 934 S.W.2d 837, 839 (Tex. App.--Houston [1st Dist.]
1996, no writ). In "some exceptional cases, the public and private interests at stake are such that
the administration of justice may best be served by appointing a lawyer to represent an indigent
civil litigant." Travelers, 923 S.W.2d at 594; Coleman, 934 S.W.2d at 839.

 Teague complains that the court should have issued a bench warrant to allow him
to appear in person at a hearing on a motion for summary judgment. However, "no oral
testimony is to be received" at such a hearing. Tex. R. Civ. P. 166a(c). Teague failed to file a
response to the motion for summary judgment. Filing such a response was an effective means of
full participation without making a personal appearance. See Byrd, 877 S.W.2d at 569. Teague
makes no showing that his breach-of-contract case against Holiday Inn is the exceptional case that
would justify the appointment of counsel. The trial court did not abuse its discretion in refusing
to appoint counsel and in declining to authorize a bench warrant for Teague to appear at a hearing
that did not require his presence and which was held two months before he requested the bench
warrant.

 A no-evidence summary judgment is properly granted if the non-movant fails to
bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as
to an essential element of the non-movant's claim on which the non-movant would have had the
burden of proof at trial. Tex. R. Civ. P. 166a(i); see Jackson v. Fiesta Mart, Inc., 979 S.W.2d
68, 70-71 (Tex. App.--Austin 1998, no pet.); see also Merrell Dow Pharm., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex.1997). If the evidence supporting a finding rises to a level that would
enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla
of evidence exists. Merrell Dow, 953 S.W.2d at 711. Less than a scintilla of evidence exists
when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a
fact, and the legal effect is that there is no evidence. Kindred v. Con/Chem, Inc., 650 S.W.2d
61, 63 (Tex. 1983). In this case, Teague had the burden to go forward and produce more than
a scintilla of evidence on the elements of his cause of action against Holiday Inn. He failed to
respond to the no-evidence motion for summary judgment and thus did not meet his burden. We
overrule Teague's sole point of error.


 Conclusion



 We have concluded that the trial court did not abuse its discretion in refusing to 
issue a bench warrant or appoint counsel. Teague did not meet his burden to defeat the no-evidence motion for summary judgment. Accordingly, we affirm the trial court judgment.



 
 

 Bea Ann Smith, Justice


Before Justices Kidd, B. A. Smith and Puryear


Affirmed


Filed: April 19, 2001


Do Not Publish
1. Teague also sued the City of Austin and two Austin Police Department officers. Teague's
action against those defendants was severed and is pending on appeal in this Court as cause
number 03-00-00296-CV.
2. Tex. R. Civ. P. 166a(i).
3. Teague's brief on appeal states that he is currently incarcerated "on other charges" without
further explanation. Teague represents himself pro se in this litigation, which does not excuse
him from complying with applicable rules of procedure: "Neither is it [the right of self-representation] a license not to comply with the relevant rules of procedural and substantive law." 
Faretta v. California, 422 U.S. 806, 834 n.46 (1975). As stated by the Texas Supreme Court:


There cannot be two sets of procedural rules, one for litigants with counsel and the
other for litigants representing themselves. Litigants who represent themselves
must comply with the applicable procedural rules, or else they would be given an
unfair advantage over litigants represented by counsel.