NO. 07-01-0235-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 27, 2001



______________________________




CAROLYN BELL THOMAS, APPELLANT



V.



BILL NEAL, APPELLEE




_________________________________



FROM THE 46TH DISTRICT COURT OF SHERMAN COUNTY;



NO. 9395; HONORABLE LESLIE THOMAS, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION FOR EXTENSION OF TIME


 Appellant Carolyn Bell Thomas has filed, pursuant to Rule of Appellate Procedure
10.5(b), a motion for extension of time to file a response to appellee Bill Neal's motion to
dismiss for want of jurisdiction. That motion to dismiss was filed on August 10, 2001,
based on appellant's failure to file a timely notice of appeal. In a civil case, an appeal may
be dismissed on any party's motion if it is subject to dismissal for want of jurisdiction. Tex.
R. App. P. 42.3(a). Appellant filed no response, and on August 29, 2001, this court
granted appellee's motion and dismissed the appeal because we had no jurisdiction to
consider it. 

 Six days later, on September 4, 2001, appellant filed her motion to extend the time
to file her response to the motion to dismiss. She asserts that the deadline for filing her
response was August 31, 2001, and that an extension until September 7, 2001, will not
prejudice appellee and "will allow the Court the opportunity to deal with both the procedural
and substantive issues raised by this appeal." 

 Rule of Appellate Procedure 10.5(b) prescribes what must be contained in a motion
to extend time. However, it does not provide a time limit in which that motion must be filed. 
Unless otherwise specifically prescribed by another rule, a party may file a response to a
motion at any time before the court rules on the motion or by any deadline set by the court,
and the court may determine a motion before a response is filed. Tex. R. App. P. 10.1(b). 
Even so, a court should generally not hear or determine a motion until ten days after the
filing of the motion. Tex. R. App. P. 10.3(a). (1) This court waited more than ten days before
ruling on appellee's motion to dismiss, and appellant did not file her response until after
the court had already ruled on the motion. Thus, having dismissed the appeal for want of
jurisdiction, appellant's motion for extension of time is not timely, and the motion is hereby
overruled. 

 

 John T. Boyd

 Chief Justice


Do not publish. 
1. Parenthetically, we note that we also had authority to dismiss this appeal for want
of jurisdiction on our own initiative after giving ten days' notice to all parties. Tex. R. App.
P. 42.2(a). 


pro se
matters not for those representing themselves have the duty to prosecute their claims with
due diligence just as do all other litigants. Coleman v. Lynaugh, 934 S.W.2d 837, 838
(Tex. App.--Houston [1st Dist.] 1996, no writ). Finally, the central issue to be addressed
is whether the plaintiff exercised due diligence. MacGregor v. Rich, 941 S.W.2d at 75.

 Application of Standard 

 In applying the foregoing authority to the circumstances at bar, we first note that the
Rules of Judicial Administration direct that civil cases wherein a jury has been requested
should be disposed of within 18 months of the appearance date. Tex. R. Jud. Admin. 6b,
reprinted in . Tex. Gov't Code Ann., tit. 2, subtit. F app. (Vernon 1998). Here, the record
shows that Carr initiated suit in May of 1999. The Department appeared, by filing a motion
to transfer the cause and an answer, on October 18, 1999. The cause was eventually
dismissed on July 2, 2002. The application of authority and simple arithmetic principles
to the aforementioned dates reveals several things. First, the cause had been pending
(without disposition) on the trial court's docket for much more than 18 months after the
Department appeared. Second, because it was not disposed of within that period,
Supreme Court authority entitled the trial court to dismiss it.

 Carr argues, however, that he diligently pursued his claim by requesting discovery,
amending his pleadings, seeking mediation, and filing various motions such as for
sanctions, to join parties, and to compel discovery. Yet, review of the record illustrates
that, aside from asking the trial court to send the cause to mediation shortly before it was
dismissed, the last of his efforts to prepare the cause for disposition culminated in or
around September of 2001, or some nine months before the cause was dismissed for want
of prosecution. In attempting to explain why the cause lay dormant for that period, he does
not say that he was prepared for and merely awaited trial. Indeed, the record does not
reflect that he even requested that his dispute be set for trial. Instead, he contends that
the delay was caused by the trial court's refusal to act upon various motions such as to join
parties, to compel discovery, and for sanctions. Yet, and assuming arguendo that they
were of any substance, Carr acknowledged that he could have pursued their resolution
through mandamus and opted not to utilize that avenue. (2) In other words, he opted to do
nothing for nine months despite his duty to act diligently. (3) 

 Similarly absent from his explanation for the delay is any suggestion that discovery
has been completed or that he has been unable to complete discovery through the means
afforded by the rules of civil procedure. Rather, he wanted the trial court to refer the case
to mediation since he was "willing to consider a reasonable settlement out of court" and
should that not come about "allow discovery to proceed." What discovery he
contemplated, why he did not complete it before, how long it would take him to complete
it, and what he purported to obtain through it all went unaddressed. Nor does he specify
what "discovery issues" must be resolved before the cause can "proceed." The only ones
reflected in the record pertain to his motion for sanctions and to compel discovery, but for
the reasons mentioned in our footnote 3, we perceive them to be untenable as well as little
obstacle to the preparation of his claims. 

 Nor are we told why his "twelve requests for the docket" exemplify diligence. 
Indeed, the record does not illustrate that any came within the nine-month period before
dismissal. Nor does it evince why the trial court clerk's purported refusal to respond to
them prevented him from conducting discovery, preparing for trial, or requesting a trial
setting. 

 In sum, Carr had the obligation to do that reasonably necessary to secure the final
disposition of his claim. The record contains evidence upon which the trial court could
have relied in determining that he did not fulfill his duty. And, because the suit had not
been disposed of within 18 months from the date the Department made its appearance,
legal authority provided the trial court basis to act. Accordingly, because its decision to
dismiss was not without basis in law or fact, the trial court did not abuse its discretion.

 Having disposed of issue one as we did renders moot issue two. Accordingly, we
affirm the order dismissing for want of prosecution.


 Brian Quinn

 Justice




 
1. We note that the Department did not favor us with an appellate brief responding to that of Carr. 
2. Regarding the motion to join, nowhere does he 1) allege in it that he was somehow prevented from
joining the person mentioned therein or 2) explain why he needed the court's intercession. Indeed, it appears
that he could have simply amended his live pleading to add the individual. Yet, he did not. And, aside from
serving a notice of his intent to take depositions by written interrogatory, nothing appears of record
establishing that he served anyone with any other formal request for discovery which complied with the Rules
of Civil Procedure. So, it is questionable whether he was entitled to sanctions or an order to compel due to
the Department's supposed failure to produce documents and respond to interrogatories. And, as to the
deposition, he thought he was entitled to sanctions and an order to compel (although the trial court had
previously quashed the notice) because he expected the Department or others to arrange and pay for them. 
It was his obligation to arrange his own discovery, not that of his opponent or the court. As to his "Motion
to Invoke Rule," he apparently sought an order deeming answers to admissions; yet, in that very same
motion he quotes the portion of the Rules of Civil Procedure declaring that admissions are considered
admitted if responses thereto are untimely and without necessity of court intervention. Finally, nowhere does
appellant explain how the resolution of these motions or any others somehow conditioned his duty to
diligently prepare or otherwise prevented him from preparing for trial. Nor does he allege that he had no
other avenues available to him down which he could journey to fulfill his obligation.
3. We further note the absence of any allegation suggesting that he was unable to act (due to his
prisoner status or otherwise) during the interim.