Opinion issued April 22, 2004
 

















In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00568-CV




LENN EARL WRIGHT, Appellant

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL
DIVISION, Appellee




On Appeal from the 12th District Court
Walker County, Texas
Trial Court Cause No. 18842




O P I N I O N
          Appellant, Lenn Earl Wright, brought suit under the Texas Tort Claims Act
against the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID)
for injuries to his hand. He appeals the trial court’s dismissal of his suit for want of
prosecution and its denial of his motion to vacate judgment. We affirm.
BACKGROUND
          Appellant, an inmate incarcerated in TDCJ-ID, alleges that, on February 8,
1994, he was ordered to deliver a food cart to the death-row cell blocks. While en
route to the cell blocks, appellant had to travel through double doors. While appellant
was passing through these doors, one of the doors swung backwards and hit
appellant’s left hand, severing the first joint of his little finger. Appellant brought suit
on August 8, 1994 under the Texas Tort Claims Act, alleging that the TDCJ-ID was
liable. 
          Appellant filed his lawsuit on August 8, 1994. From August 24, 1994 until
December 6, 2000, appellant filed a total of 16 motions. He filed no documents with
the court from December 7, 2000 until July 12, 2002, when he sent a letter to the
court asking why the court had not set a trial date. Appellee did not receive a notice
of this correspondence. Appellee filed a motion to dismiss for want of prosecution
on May 1, 2003. The motion was granted on May 2, 2003 and appellant’s lawsuit
was dismissed with prejudice. Appellant asserts that he did not receive notice of the
order dismissing his lawsuit for want of prosecution until May 9, 2003. Appellant
filed a motion to vacate judgment on June 10, 2003, which the trial court denied on
June 16.
Denial of Motion to Vacate
          Appellant, in his third issue on appeal, asserts that the trial court abused its
discretion by denying his “motion to vacate” its final judgment. Appellant argues that
he deposited this motion in the mail on June 6, 2003 and that the trial court denied his
motion to vacate because it was filed more than 30 days after the final judgment,
which was signed on May 2, 2003. Appellant asserts that he did not obtain notice of
the judgment until May 9, 2003 and that, therefore, his motion was timely.



          We construe appellant’s motion to “vacate” as a motion to reinstate, which is
the appropriate motion to be filed after a case has been dismissed. See Tex. R. Civ.
P. 165a(3). A motion to reinstate must be filed with the clerk within 30 days after the
trial court signs the order of dismissal. Id. Appellant’s motion to vacate judgment
was filed on June 10, 38 days after the trial court signed the judgment. Therefore,
appellant’s motion does not comply with rule 165a(3), which counts from the day that
the dismissal is signed.


 Tex R. Civ. P. 165a (3). We hold that the trial court did not
abuse its discretion in denying appellant’s motion to “vacate.” We overrule
appellant’s third issue.
Want of Prosecution: Due Process
          Appellant, in his first issue, asserts that the trial court deprived him of due
process under the Fourteenth Amendment


 when it failed to provide notice and a
hearing before dismissing his lawsuit for want of prosecution. Appellant contends
that he never received a notice of the trial court’s intention to dismiss his case for
want of prosecution, nor was there a hearing, and, consequently, he had no chance to
respond to appellee’s motion before the trial court rendered the dismissal.
          The Supreme Court of Texas held in Villareal v. San Antonio Truck &
Equipment that a party must be provided with notice and an opportunity to be heard
before a court may dismiss a case for want of prosecution under rule 165a or under
the court’s inherent authority. Villareal v. San Antonio Truck & Equip., 994 S.W.2d
628, 630 (Tex. 1999). The failure to provide adequate notice of the trial court’s intent
to dismiss for want of prosecution requires reversal. Id. Villareal, however, does not
address the question of what due process requires when a plaintiff receives notice
after dismissal has occurred, but in time to file a motion to reinstate. We hold that,
when an appellant has the time and opportunity to file a motion for reinstatement that
could raise a claimed error, he waives any due process rights if he fails to file such
motion. See Texas Sting, Ltd. v. R.B. Foods, Inc., 82 S.W.3d 644, 648 (Tex.
App.—San Antonio 2002, pet. denied) (holding that plaintiff was afforded due
process rights because he received actual notice of dismissal order in time to file
motion to reinstate and hearing was held on motion).
          In this case, appellant received notice after the dismissal with ample time to file
a motion to reinstate. In that motion, appellant could have brought his claims to the
attention of the trial court. He failed to do so, preventing the trial court from having
an opportunity to correct the error. Since appellant failed to correct this error, we
overrule appellant’s first issue.



Want of Prosecution: Merits
          Appellant, in his second issue, contends that the trial court’s dismissal of his
lawsuit for want of prosecution was an abuse of discretion.
          A trial court’s authority to dismiss for want of prosecution stems from rule
165a of the Texas Rules of Civil Procedure and from the court’s inherent power. 
Villarreal, 994 S.W.2d at 630. A trial court can dismiss for want of prosecution
under the following three situations: (1) when a party seeking affirmative relief fails
to appear for any hearing or trial of which the party had notice, (2) when the case is
not disposed of within the time standards of the supreme court, or (3) when the trial
court finds that the case has not been prosecuted with due diligence. City of Houston
v. Robinson, 837 S.W.2d 262, 264-65 (Tex. App.—Houston [1st Dist.] 1992, no writ). 
We review a trial court’s order of dismissal for an abuse of discretion. Coleman v.
Lynaugh, 934 S.W.2d 837, 838 (Tex. App.—Houston [1st Dist.] 1996, no writ).
          Appellant initiated this case in August 1994. He filed a total of 16 motions
with the court, primarily requests for discovery. From December 6, 2000 until July
12, 2002, appellant had no contact with either the court or appellee. Appellant’s only
contact with the court in 2002 was a letter asking whether a trial date had been set
pursuant to a request. Appellant allowed a period of 19 months to elapse without
communicating with the court, which is outside of the time standards promulgated by
the Texas Supreme Court for civil cases.


 Because of the inactivity in the case from
2000 until 2002, the trial court could have found that appellant was not pursuing his
claim with due diligence.


 We overrule appellant’s second issue. CONCLUSION
          We affirm the judgment of the trial court. 
 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.