# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================

## ON MOTION FOR REHEARING

========================

## NO. 03-05-00229-CV

**Avraham Raphael, Appellant**

**v.**

**Texas Department of Agriculture and Sysco Food Services of Houston, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. GN402013, HONORABLE PETER M. LOWRY, JUDGE PRESIDING**

## S U P P L E M E N T A L   M E M O R A N D U M   O P I N I O N

Appellant Avraham Raphael filed a motion for rehearing complaining of this Court's dismissal of his appeal for want of jurisdiction. Tex. R. App. P. 42.3(a). His motion asks us to apply criminal law to his civil suit that seeks $43 million in damages, grant a new trial, and appoint counsel to assist with his negligence and contract claims, which are based on events that allegedly occurred in 1989, against the Texas Department of Agriculture and Sysco Food Services of Houston.

We do not grant appellant's requests because (i) the district court's order is no longer subject to challenge by a motion for new trial or appeal, *see* Tex. R. App. P. 26.1, Tex. R. Civ. P. 329b(f); and (ii) he has not shown that his is an "exceptional case[] in which the public and private interests at stake are such that the administration of justice may be best served by appointing a

lawyer to represent an indigent civil litigant." *See* Tex. Gov't Code Ann. § 24.016 (West 2004); *Spigener v. Wallis*, 80 S.W.3d 174, 183 (Tex. App.—Waco 2002, no pet.) (citing *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996)); *Coleman v. Lynaugh*, 934 S.W.2d 837, 839 (Tex. App.—Houston [1st Dist.] 1996, no writ). Moreover, he does not cite any part of the record showing that he requested the district court to appoint counsel and the court denied his request. *See* Tex. R. App. P. 33.1.

Appellant attempted to challenge a district court order signed and entered on August 25, 2004, that dismissed his lawsuit as frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (West 2002). As noted in our prior opinion, appellant's deadline for perfecting appeal has expired. *See* Tex. R. App. P. 26.1. Because the district court's order is no longer subject to challenge by a motion for new trial or appeal, appellant's remedy, if any, lies with a bill of review. Tex. R. Civ. P. 329b(f); *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004).[1] Accordingly, we overrule appellant's motion for rehearing.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Filed:  November 18, 2005

_____

[1] In any event, we note that the statute of limitations may affect appellant's claims. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 16.003(a), .004(a) (West 2002).