NO. 07-09-0321-CV

 

   IN THE COURT
OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 

 MARCH 12, 2010



 



 

CLIFFORD J. FAIRFAX,

  

                                                                                         Appellant


v.

 

DR. BOBBY SMITH and PAMPA REGIONAL MEDICAL CENTER,

  

                                                                                         Appellees

_____________________________

 

FROM THE 223rd DISTRICT COURT OF GRAY
COUNTY;

 

NO. 35,385; HONORABLE LEE W. WATERS,
PRESIDING

 



 

Memorandum
Opinion

 



 

Before  QUINN, C.J., and HANCOCK and PIRTLE, JJ.

           Appellant
Clifford J. Fairfax (Fairfax) appeals pro
se from the dismissal of his health care liability claim for the failure to
serve an expert report.  In three issues,
he contends the trial court erred in 1) denying his request for appointment of
counsel, 2) failing to file findings of fact and conclusions of law, and 3)
dismissing his lawsuit for failure to file an expert report.  We affirm the order. 

            Fairfax
filed his original petition on November 7, 2008, alleging that Dr. Bobby Smith
(Smith) and the Pampa Regional Medical Center (Medical Center) were negligent
with respect to a hernia operation performed on him 1) by not disclosing all
the risks and hazards of hernia surgery to him, 2) in “snatching out and
removing [his] right testicle from its cord and scrotum,” and 3) in performing
testicle repair surgery without his consent. 
On January 16, 2009, he filed a motion seeking appointment of counsel
and several weeks later he filed a motion asking the court to appoint him an
expert witness.  

            Before the
motions of Fairfax were ruled upon, both Smith and the Medical Center filed
motions to dismiss for the failure of Fairfax to file an expert report in
accordance with §74.351 of the Texas Civil Practice and Remedies Code.  The trial court held a hearing on the motions
of all of the parties.  Fairfax attended
by telephone.[1]
At that hearing, the trial court denied Fairfax’ motions for an attorney and appointment
of an expert witness but gave him an additional 120 days in which to obtain an
expert report. When he failed to do so within the additional 120 days, the
trial court granted the motions to dismiss.

            Issue 1 – Appointment of Counsel

            In his first issue, Fairfax claims
the trial court erred in failing to grant his request for appointment of
counsel.  We overrule the issue.

            The trial
court may appoint counsel for a party
who makes an affidavit that he is too poor to employ counsel.  Tex.
Gov’t Code Ann. §24.016 (Vernon 
2004).  Next, a trial court does
not abuse its discretion in refusing to appoint counsel when the indigent party
fails to demonstrate why the public and private interests at stake are so
exceptional that the administration of justice is served by the
appointment.  Hall v. Treton, 39 S.W.3d 722, 724 (Tex. App.–Beaumont 2001, no
pet.); Coleman v. Lynaugh, 934 S.W.2d
837, 839 (Tex. App.–Houston [1st Dist.] 1996, no pet.).  While Fairfax alleged in his motion that this
lawsuit was an “exceptional case,” he provided no basis for such a
finding.  He merely asserted that, due to
his incarceration, he was unable to present and investigate his case, he was
financially unable to employ an expert, 
and the case was “complex” and requires skill in presentation of
evidence and cross-examination.  However,
he did nothing to explain why the case was complex.  

That one is an inmate does not render the
cause exceptional.  Gibson v. Tolbert, 102 S.W.3d 710, 713 (Tex. 2003).  That the claim may involve medical
malpractice does not make it exceptional either for such claims are rather
prevalent.  Moreover, our  Supreme Court noted that plaintiffs in medical
malpractice cases are routinely represented on the basis of continency fees;
therefore, such plaintiffs who may be indigent are not prevented from employing
counsel.  Id.  This being so, we cannot
say the trial court erred.[2]  

Issue 2 – Findings
of Fact and Conclusions of Law

In his second issue, Fairfax claims error
with respect to the trial court’s failure to file findings of fact and
conclusions of law with respect to his request for appointment of an attorney
and an expert.  In any case tried without
a jury to the trial court, the court shall file findings of fact and
conclusions of law within twenty days after a timely request is made.  Tex.
R. Civ. P. 297.  The purpose of
the rule is to give a party a right to findings and conclusions finally adjudicated
after a conventional trial on the merits. 
Willms v. Americas Tire Co., 190
S.W.3d 796, 801 (Tex. App.–Dallas 2006, pet. denied).  No trial on the merits occurred at bar, and
thus, while findings of fact and conclusions of law would not be improper, they
are not required.  Id.  

Issue 3 – Dismissal

Finally, Fairfax argues that the trial court
erred by dismissing his lawsuit for failure to file an expert report because
his lawsuit is one involving simple negligence and therefore does not fall
within the requirements of the Texas Medical Liability Act.  We disagree.

First, we note that Fairfax failed to make
this argument to the trial court as a basis upon which to deny the motions to
dismiss.  The failure to do so waives
error.  Tex.
R. App. P. 33.1(a)(1) (stating that to preserve a complaint for
appellate review, the complaint must have been made to the trial court by a
timely request, objection or motion).  

Even if the matter was not waived, we
examine the underlying nature of a claim to determine whether it constitues a
health care liability claim.  Garland Cmty. Hosp. v. Rose, 156 S.W.3d
541, 543 (Tex. 2004).  A health care
liability claim is a “cause of action against a health care provider or
physician for treatment, lack of treatment, or other claimed departure from
accepted standards of medical care, or health care, or safety or professional
or administrative services directly related to health care, which proximately results
in injury to or death of a claimant . . . .” 
Tex. Civ. Prac. & Rem. Code Ann.
§74.001(a)(13) (Vernon  2005).  If an act or omission is an inseparable part
of the rendition of health care services, then it is a health care liability
claim.  Diversicare Gen. Partnership, Inc. v. Rubio, 185 S.W.3d 842, 848
(Tex. 2005).  The necessity of expert
testimony may be a factor to consider.  Id.  

Fairfax alleged that Smith and the Medical
Center breached the applicable standards of care by not disclosing to him the
risks of surgery of both the hernia operation and the testicle repair surgery,
not obtaining his consent to the repair surgery, and in “snatching out and
removing” his right testicle.  These acts
and omissions are a natural part of the rendition of health care services.  Accordingly, we find them to constitute
health care liability claims.  Therefore,
Fairfax was required to serve an expert report, and his failure to do so
combined with the motions to dismiss required the trial court to dismiss his
petition.  See Tex. Civ. Prac. &
Rem. Code Ann. §74.351(b) (Vernon 
Supp. 2009).

Having overruled appellant’s issues, we
affirm the order of dismissal.

 

                                                                        Per
Curiam

 











[1]Fairfax
is incarcerated.





[2]Fairfax
complains that the trial court summarily denied his motion for appointment of
counsel without hearing his “exceptional factors.”  Yet, in his brief, he provides no such
factors above and beyond those set forth in his motion.  Nor does he cite any authority illustrating
that a trial court must convene an evidentiary hearing on the matter.