NO. 07-09-0321-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 12, 2010

_____

CLIFFORD J. FAIRFAX,

Appellant

v.

DR. BOBBY SMITH and PAMPA REGIONAL MEDICAL CENTER,

Appellees

_____

FROM THE 223rd DISTRICT COURT OF GRAY COUNTY;

NO. 35,385; HONORABLE LEE W. WATERS, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Clifford J. Fairfax (Fairfax) appeals *pro se* from the dismissal of his health care liability claim for the failure to serve an expert report. In three issues, he contends the trial court erred in 1) denying his request for appointment of counsel, 2) failing to file findings of fact and conclusions of law, and 3) dismissing his lawsuit for failure to file an expert report. We affirm the order.

Fairfax filed his original petition on November 7, 2008, alleging that Dr. Bobby Smith (Smith) and the Pampa Regional Medical Center (Medical Center) were negligent with respect to a hernia operation performed on him 1) by not disclosing all the risks and hazards of hernia surgery to him, 2) in "snatching out and removing [his] right testicle from its cord and scrotum," and 3) in performing testicle repair surgery without his consent. On January 16, 2009, he filed a motion seeking appointment of counsel and several weeks later he filed a motion asking the court to appoint him an expert witness.

Before the motions of Fairfax were ruled upon, both Smith and the Medical Center filed motions to dismiss for the failure of Fairfax to file an expert report in accordance with §74.351 of the Texas Civil Practice and Remedies Code. The trial court held a hearing on the motions of all of the parties. Fairfax attended by telephone.[1] At that hearing, the trial court denied Fairfax' motions for an attorney and appointment of an expert witness but gave him an additional 120 days in which to obtain an expert report. When he failed to do so within the additional 120 days, the trial court granted the motions to dismiss.

*Issue 1 – Appointment of Counsel*

In his first issue, Fairfax claims the trial court erred in failing to grant his request for appointment of counsel. We overrule the issue.

The trial court *may* appoint counsel for a party who makes an affidavit that he is too poor to employ counsel. TEX. GOV'T CODE ANN. §24.016 (Vernon 2004). Next, a trial court does not abuse its discretion in refusing to appoint counsel when the indigent party fails to demonstrate why the public and private interests at stake are so

---

[1]Fairfax is incarcerated.

exceptional that the administration of justice is served by the appointment. *Hall v. Treton,* 39 S.W.3d 722, 724 (Tex. App.–Beaumont 2001, no pet.); *Coleman v. Lynaugh,* 934 S.W.2d 837, 839 (Tex. App.–Houston [1st Dist.] 1996, no pet.). While Fairfax alleged in his motion that this lawsuit was an "exceptional case," he provided no basis for such a finding. He merely asserted that, due to his incarceration, he was unable to present and investigate his case, he was financially unable to employ an expert, and the case was "complex" and requires skill in presentation of evidence and cross-examination. However, he did nothing to explain why the case was complex.

That one is an inmate does not render the cause exceptional. *Gibson v. Tolbert,* 102 S.W.3d 710, 713 (Tex. 2003). That the claim may involve medical malpractice does not make it exceptional either for such claims are rather prevalent. Moreover, our Supreme Court noted that plaintiffs in medical malpractice cases are routinely represented on the basis of continency fees; therefore, such plaintiffs who may be indigent are not prevented from employing counsel. *Id.* This being so, we cannot say the trial court erred.[2]

*Issue 2 – Findings of Fact and Conclusions of Law*

In his second issue, Fairfax claims error with respect to the trial court's failure to file findings of fact and conclusions of law with respect to his request for appointment of an attorney and an expert. In any case tried without a jury to the trial court, the court shall file findings of fact and conclusions of law within twenty days after a timely request

---

[2]Fairfax complains that the trial court summarily denied his motion for appointment of counsel without hearing his "exceptional factors." Yet, in his brief, he provides no such factors above and beyond those set forth in his motion. Nor does he cite any authority illustrating that a trial court must convene an evidentiary hearing on the matter.

is made. Tᴇx. R. Cɪᴠ. P. 297. The purpose of the rule is to give a party a right to findings and conclusions finally adjudicated after a conventional trial on the merits. *Willms v. Americas Tire Co.,* 190 S.W.3d 796, 801 (Tex. App.–Dallas 2006, pet. denied). No trial on the merits occurred at bar, and thus, while findings of fact and conclusions of law would not be improper, they are not required. *Id.*

*Issue 3 – Dismissal*

Finally, Fairfax argues that the trial court erred by dismissing his lawsuit for failure to file an expert report because his lawsuit is one involving simple negligence and therefore does not fall within the requirements of the Texas Medical Liability Act. We disagree.

First, we note that Fairfax failed to make this argument to the trial court as a basis upon which to deny the motions to dismiss. The failure to do so waives error. Tᴇx. R. Aᴘᴘ. P. 33.1(a)(1) (stating that to preserve a complaint for appellate review, the complaint must have been made to the trial court by a timely request, objection or motion).

Even if the matter was not waived, we examine the underlying nature of a claim to determine whether it constitues a health care liability claim. *Garland Cmty. Hosp. v. Rose,* 156 S.W.3d 541, 543 (Tex. 2004). A health care liability claim is a "cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant . . . ." Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. §74.001(a)(13) (Vernon 2005). If an act or omission is an inseparable part of the

4

rendition of health care services, then it is a health care liability claim. *Diversicare Gen. Partnership, Inc. v. Rubio,* 185 S.W.3d 842, 848 (Tex. 2005). The necessity of expert testimony may be a factor to consider. *Id.*

Fairfax alleged that Smith and the Medical Center breached the applicable standards of care by not disclosing to him the risks of surgery of both the hernia operation and the testicle repair surgery, not obtaining his consent to the repair surgery, and in "snatching out and removing" his right testicle. These acts and omissions are a natural part of the rendition of health care services. Accordingly, we find them to constitute health care liability claims. Therefore, Fairfax was required to serve an expert report, and his failure to do so combined with the motions to dismiss required the trial court to dismiss his petition. *See* TEX. CIV. PRAC. & REM. CODE ANN. §74.351(b) (Vernon Supp. 2009).

Having overruled appellant's issues, we affirm the order of dismissal.


Per Curiam