**AFFIRM; and Opinion Filed June 25, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01000-CV

## RUSSELL D. ABEREGG, Appellant
## V.
## MONICA CESCHAN, Appellee

### On Appeal from the 330th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DF-12-00023

## MEMORANDUM OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice Brown

Russell D. Aberegg appeals the default final decree of divorce rendered after Aberegg failed to appear for trial. On appeal, Aberegg contends (1) the trial court violated his due process rights, (2) the division of property was not adjudicated in a just, fair, equitable, and impartial manner, and (3) the trial court allowed Monica Ceschan and her counsel to perpetrate a felony and conspiracy. We overrule Aberegg's issues and affirm the trial court's judgment.

### Background

On January 3, 2012, Ceschan filed a petition for divorce from Aberegg who was incarcerated at the time. Aberegg, representing himself, timely answered. In May, Aberegg filed a motion for electronic presence at the pretrial hearing. The record does not reflect whether the trial court granted Aberegg's request, but the docket sheet shows a pretrial hearing was held on May 7, 2012. The same day, the trial court signed an order setting a bench trial on June 26,

2012. On June 21, 2012, Aberegg filed a motion for writ of injunction to stay proceedings. In that motion, Aberegg requested the trial court to stay the divorce proceedings for 183 days until he was released from incarceration. Aberegg did not request a bench warrant, nor did he request to be allowed to appear by any other means. On June 26, the trial court rendered a default decree of divorce after Aberegg failed to appear. Aberegg did not file a motion for new trial, but rather timely filed a notice of appeal in this Court.

## Discussion

In his first issue, Aberegg contends his due process rights were violated. Although difficult to ascertain, it appears Aberegg complains the trial court erred by not appointing counsel to represent him at trial, and by waiving his right to a jury without his consent. After reviewing the record, we conclude Aberegg's arguments lack merit.

We review a trial court's refusal to grant a jury trial under an abuse of discretion standard. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). The right to a jury trial is guaranteed by the Texas Constitution. *See* TEX. CONST. art. 1 § 15. The requirement of an express waiver of jury trial lies in the Texas Code of Criminal Procedure. *In re K.C.*, 23 S.W.3d 604, 608-09 (Tex. App.—Beaumont 2000, no pet.); *see* TEX. CODE CRIM. PROC. ANN., art. 1.13 (West 2005). In contrast, in civil cases, the right of trial by jury is not automatic, but arises only where a party has demanded a jury trial and paid the applicable fee. *In re J.N.F.*, 116 S.W.3d 426, 431 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

Under Texas Rule of Civil Procedure 216(a), a party desiring a jury trial must make a written request for a jury not less than thirty days before the date set for trial of the cause on the non-jury docket. TEX. R. CIV. P. 216(a). A party must also deposit a fee with the clerk of the court within the time for making a written request for a jury trial. TEX. R. CIV. P. 216(b). A party who is unable to afford the deposit for the jury fee shall file an affidavit to that effect within the

time for making such deposit; and the court shall then order the clerk to enter the suit on the jury docket. Tex. R. Civ. P. 217. An inmate in the Texas Department of Criminal Justice may file an unsworn declaration in lieu of an affidavit. TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a) (West Supp. 2013).

Here, Aberegg, did not make a request for a jury trial. Because the rules of civil procedure do not require an express waiver of trial by jury and because appellant did not request a jury or object to the bench trial, we conclude appellant's complaint that the trial court violated his due process rights by waiving his right to a jury without his consent lacks merit.

Aberegg also contends the trial court violated his due process rights by failing to appoint counsel to represent him at trial. We review such complaints for an abuse of discretion. *See Coleman v. Lynaugh*, 934 S.W.2d 837, 839 (Tex. App.—Houston [1st Dist.] 1996, no writ).

Section 24.016 of the Texas Government Code provides that a district court may appoint counsel for an indigent civil litigant. TEX. GOV'T CODE ANN. § 24.016 (West 2004). The supreme court has never held that a civil litigant must be represented by counsel for a court to carry on its essential, constitutional function. *Gibson v. Tolbert*, 102 S.W.3d 710, 711 (Tex. 2003). The supreme court has suggested, however, that under exceptional circumstances, "the public and private interests at stake may be such that the administration of justice would best be served by appointing a lawyer to represent an indigent civil litigant." *Id.* Consequently, courts of appeals have determined that a trial court does not abuse its discretion in refusing to appoint counsel to represent an indigent civil litigant unless the party requesting appointment demonstrates why the public and private interests at stake are so exceptional that the administration of justice would best be served by appointing an attorney to represent him. *Id.*; *Hines v. Massey*, 79 S.W.3d 269, 272 (Tex. App.—Beaumont 2002, no pet.); *Coleman*, 934 S.W.2d at 839. An exceptional circumstance is by definition rare and unusual. *Gibson*, 102

−3−

S.W.3d at 711. And, incarceration alone does not constitute an exceptional circumstance such that it warrants appointed counsel. *See id.*

Here, although Aberegg provided an affidavit of indigency, he did not demonstrate any circumstances that would characterize this case as exceptional. Therefore, we cannot conclude the trial court violated his due process rights by failing to appoint counsel to represent him. We overrule Aberegg's first issue.

In Aberegg's second, third, and fourth issues, Aberegg contends the division of the marital estate was not adjudicated in a just, fair, and, equitable manner, and the trial court allowed Ceschan and her counsel to perpetrate a felony and conspiracy. After reviewing Aberegg's brief, we conclude he, although given the opportunity, failed to adequately brief these issues. Thus, we conclude there is nothing for our review.

Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other. *Bolling v. Farmers Branch Ind. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.— Dallas 2010, no pet.). We are not responsible for identifying possible trial court error. *Id.*; *Canton–Carter v. Baylor College of Medicine*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We are not responsible for searching the record for facts that may be favorable to a party's position. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283–84 (Tex. 1994); *Bolling*, 315 S.W.3d at 895. And, we are not responsible for doing the legal research that might support a party's contentions. *See Bolling*, 315 S.W.3d at 895; *Canton–Carter*, 271 S.W.3d at 931. Were we to do so, even for a pro se litigant untrained in law, we would be abandoning our role as judges and become an advocate for that party. *Bolling*, 315 S.W.3d at 895.

When deciding whether an appellant's brief is deficient, we do not adhere to any rigid rule about the form of a brief. Pro se litigants may not be versed in the form of briefing favored

–4–

by seasoned appellate practitioners. We do, however, examine briefs for compliance with prescribed briefing rules, including specifically, rule 38.1. TEX. R. APP. P. 38.1. If we can conclude a brief complies with the Texas Rules of Appellate Procedure, we submit the appeal for review and decision on the merits. If we conclude that it does not, we may decline to address the issue. *Jantzen v. Am. Nat. Bank of Tex., N.A*, 300 S.W.3d 412, 417 (Tex. App. Dallas—2009, no pet.).

To comply with rule 38.1(f), an appellant must articulate the issue we will be asked to decide. From our perspective, we must be able to discern what question of law we will be answering. *Bolling*, 315 S.W.3d at 896. If an appellant is unable to or does not articulate the question to be answered, then his brief fails at that point. If the issue is identified, then rule 38.1(i) calls for the brief to guide us through the appellant's argument with clear and understandable statements of the contentions being made. If we must speculate or guess about what contentions are being made, then the brief fails. *Id.* Importantly, statements of fact and the argument must be supported by direct references to the record that are precise in locating the fact asserted. If record references are not made or are inaccurate, misstated, or misleading, the brief fails. *Id.* And, just as importantly, existing legal authority applicable to the facts and the questions we are called on to answer must be accurately cited. References to legal authority that have nothing to do with the issue to be decided are contrary to the requirement of rule 38.1(i). References to sweeping statements of general law are rarely appropriate. *Id.* If we are not provided with existing legal authority that can be applied to the facts of the case, the brief fails. *Id.*

The argument under Aberegg's second and fourth issues consists of a statement that due to a lack of resources and time constraints, argument under these issues will be presented in a motion for amendment. Aberegg did not, however, file any such motion. The argument under

Aberegg's third issue does not contain record citations and the only citation to authority is to the penal code section for aggravated perjury. Although we notified Aberegg that his brief was deficient and instructed him to file an amended brief that complied with the rules of appellate procedure within ten days, Aberegg did not do so. Rather, Aberegg filed a motion for remand for a hearing. We denied Aberegg's request for a remand and submitted the case on Aberegg's original brief. Under these circumstances, we conclude Aberegg's second, third, and fourth issues are inadequately briefed and present nothing for our review.

Accordingly, we affirm the trial court's final decree of divorce.

/Ada Brown/
_____
ADA BROWN
JUSTICE

121000F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RUSSELL D. ABEREGG, Appellant

No. 05-12-01000-CV     V.

MONICA CESCHAN, Appellee

On Appeal from the 330th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-12-00023.
Opinion delivered by Justice Brown.
Justices O'Neill and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee MONICA CESCHAN recover her costs of this appeal
from appellant RUSSELL D. ABEREGG.

Judgment entered this 25th day of June, 2014.

/Ada Brown/
_____
ADA BROWN
JUSTICE