**Opinion issued October 9, 2018.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00063-CV

_____

**WILLIAM S. LEWIS, Appellant**

**V.**

**MARK A. AGUIRRE, Appellee**

---

**On Appeal from County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1062343**

---

## MEMORANDUM OPINION

Appellant William S. Lewis is appealing the trial court's order dismissing his lawsuit against appellee Mark A. Aguirre for want of prosecution. On appeal, Lewis argues that the trial court abused its discretion by dismissing his lawsuit for want of

prosecution because he had filed a timely motion for continuance of the trial setting stating good cause. We dismiss the appeal for want of jurisdiction.

## Background

On June 3, 2014, Lewis, a pro-se indigent litigant who is incarcerated in a federal penitentiary in Pennsylvania, sued appellee Mark A. Aguirre for breach of contract in a Harris County justice court. Lewis contends that he hired Aguirre as a private investigator to assist him with his criminal defense and that Aguirre failed to provide the agreed upon services.[1] The justice court dismissed Lewis's lawsuit for want of prosecution on March 19, 2015. Lewis filed a notice of appeal with the County Court at Law on May 12, 2015. Aguirre filed his original answer in the county court on May 26, 2015.

On June 14, 2016, the county court reset Lewis's case for trial on August 8, 2016, the fourth trial setting. When Lewis did not appear for trial, Aguirre asked the court to dismiss the suit for want of prosecution based on Lewis's failure to appear. The trial court granted the motion and dismissed Lewis's lawsuit for want of prosecution the same day. The order of dismissal does not state the basis for the court's decision.

---

[1] When an appellee does not file a brief, as here, the appellate court may accept any factual statement made in the appellant's brief as true. *See* TEX. R. APP. P. 38.1(g).

Lewis filed a restricted appeal contesting the dismissal of his lawsuit and he attempted to supplement the clerk's record with a "Motion for Continuance" that he contends he deposited in the prison mail system on July 27, 2016, twelve days before the trial setting. *See* TEX. R. APP. P. 34.5(e). Lewis also filed a sworn declaration, in which he stated that he mailed the motion for continuance by turning it over to the proper authorities in the federal prison where he was incarcerated, and he provided this court with a copy of a letter from federal prison authorities stating that a "letter" was mailed to the Harris County Clerk's office on July 27, 2016.

The trial court clerk filed a supplemental clerk's record, reflecting that the trial court "has no record" of a motion for continuance filed on July 27, 2016, and stating that Lewis's copy of the motion "does not have a receiv[ed] stamp indicating that [the county clerk's office] in fact received his motion."

We abated the appeal and remanded for the trial court to conduct a hearing to determine whether Lewis's motion for continuance had been lost or destroyed and should be included in the clerk's record. *See* TEX. R. APP. P. 34.5(e); *see also Goetz v. Goetz*, No. 01-10-00286-CV, 2012 WL 1454385, at *1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2012, no pet.) (mem. op.) (per curiam) (stating trial court must resolve any dispute concerning accuracy of items to be included in clerk's record). After a hearing, the trial court determined that Lewis's motion for continuance had been "lost or destroyed" en route to the Harris County Clerk's office as defined by Rule

34.5(e)(1) and ordered the clerk to include the motion in a supplemental clerk's record.

## Restricted Appeal of Dismissal for Want of Prosecution

Lewis argues that the trial court abused its discretion by dismissing his lawsuit for want of prosecution because he had filed a timely motion for continuance stating good cause, and he suggests that the trial court's error is apparent on the face of the record, given the facts asserted in his motion for continuance.

**A.    Applicable Law**

**1.    Dismissal for Want of Prosecution**

A trial court's authority to dismiss for want of prosecution stems from rule 165a of the Texas Rules of Civil Procedure and from the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).  A trial court can dismiss for want of prosecution under the following three situations: (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, (2) when the case is not disposed of within the time standards of the supreme court, or (3) when the trial court finds that the case has not been prosecuted with due diligence. *Wright v. Tex. Dep't of Crim. Justice-Institutional Div.*, 137 S.W.3d 693, 696 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing *City of Hous. v. Robinson*, 837 S.W.2d 262, 264–65 (Tex. App.—Houston [1st Dist.] 1992, no writ)). We review a trial court's order of

dismissal for an abuse of discretion. *Wright*, 137 S.W.3d at 696 (citing *Coleman v. Lynaugh*, 934 S.W.2d 837, 838 (Tex. App.—Houston [1st Dist.] 1996, no writ)).

### 2. Restricted Appeal

To be entitled to a restricted appeal, Lewis must demonstrate that: (1) he filed a notice of restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (citing TEX. R. APP. P. 26.1(c), 30). These requirements are jurisdictional and cut off a party's right to seek relief by way of a restricted appeal if they are not met. *See Cox v. Cox*, 298 S.W.3d 726, 730 (Tex. App.—Austin 2009, no pet.) (citing *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied)).

### B. Analysis

The county court dismissed Lewis's lawsuit on August 8, 2016. Lewis filed his notice of appeal on January 25, 2017, within the required six-month period. The record reflects that Lewis did not participate in the hearing on August 8, 2016 that resulted in dismissal, file any post-judgment motions, request findings of fact or conclusions of law, or file a notice of appeal within the usual appellate deadlines.

5

Therefore, Lewis has met the first three procedural requirements for presenting a restricted appeal. *See* TEX. R. APP. P. 26.1(c), 30.

The question before us is whether he meets the final requirement, i.e., is the alleged error apparent on the face of the record. "The face of the record, for purposes of a restricted appeal, consists of all the papers that were before the trial court when it rendered its judgment." *Cox*, 298 S.W.3d at 731 (citing *Alexander*, 134 S.W.3d at 848–49). As the Texas Supreme Court has explained, this limitation on the scope of the record for purposes of a restricted appeal is based on the principle "that trial courts should first be given the opportunity to consider and weigh factual evidence. Permitting challenge to a judgment based on [evidence] first filed in the appellate court undermines this judicial structure." *Alexander*, 134 S.W.3d at 848–49 (quoting *Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991)).

The same rationale applies here. The record reflects that Lewis's motion for continuance was not before the trial court when the court dismissed his lawsuit on August 8, 2016. While Lewis has presented extrinsic evidence to this court that the motion was not received by the trial court before the hearing, extrinsic evidence does not satisfy the requirement for a restricted appeal that error be apparent on the face of the record. Permitting a party to challenge a trial court's dismissal based on facts alleged in a motion for continuance that the trial court did not have an opportunity

6

to consider before rendering its judgment deprives the trial court of its right to consider and weigh factual evidence. *See generally Gen. Elec. Co.*, 811 S.W.2d at 944 ("The appropriate remedy when extrinsic evidence is necessary to the challenge of a judgment is by motion for new trial, TEX. R. CIV. P. 320, or by bill of review filed in the trial court."); *see also Alexander*, 134 S.W.3d at 848–49. Therefore, we will not consider Lewis's motion or the facts alleged in that motion for purposes of this restricted appeal. *See Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009) (per curiam) ("When extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is by motion for new trial or by bill of review filed in the trial court so that the trial court has the opportunity to consider and weigh factual evidence."); *see also Alexander*, 134 S.W.3d at 848 (stating extrinsic evidence is not part of record considered in restricted appeal).

We further note that Lewis's reliance on the prisoner mailbox rule to establish the timeliness of the filing of his motion is misplaced. Rule 5 of the Texas Rules of Civil Procedure states:

> If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.

TEX. R. CIV. P. 5. The plain language of the rule dictates that a document is considered timely filed only "if [it is] received by the clerk not more than ten days tardily." *Id.* The record reflects that Lewis's motion was not received by the clerk's office within ten days of the trial setting.

Because Lewis's motion for continuance was not before the trial court when it dismissed Lewis's lawsuit for want of prosecution, the record does not reflect that the trial court abused its discretion by dismissing Lewis's suit after he failed to appear for the fourth trial setting. Therefore, we conclude that Lewis has not shown any error on the face of the record. *See Alexander*, 134 S.W.3d at 848.

**Conclusion**

Because Lewis has not demonstrated error on the face of the record, he is not entitled to relief by way of a restricted appeal. *See Cox*, 298 S.W.3d at 730 (stating requirements for restricted appeal are jurisdictional). Accordingly, we dismiss his appeal for want of jurisdiction. Any pending motions are dismissed as moot.


Russell Lloyd
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.